**Breese v. Grimes**

*M. L. McBride, Jr.*, for plaintiff.

*W. Allen Dill*, for defendant.

STRANAHAN, P. J., February 21, 1969.—On September 23, 1966, plaintiff, Sandra Breese, was involved in an automobile accident, and as the result of this accident she sustained personal injuries. Defendant, Albert Grimes, carried liability insurance, and plaintiff's attorney entered into the usual negotiations with defendant in an effort to settle the case.

As time went by, the case was discussed with the insurance adjuster, who was responsible for handling the case for the insurance company. There apparently was some indication, at least to plaintiff's counsel, that the case might be settled, but as the two-year-statute of limitations approached, no settlement was effected between the parties.

On September 20, 1968, plaintiff, through her attorney, decided that suit should be commenced in order to prevent the running of the statute of limitations, and the attorney intended to do this by filing a praecipe for a summons in trespass, thereby stopping the running of the statute. Through an error on his part, the wrong form was used and a praecipe for a

summons in assumpsit, rather than a praecipe for a summons in trespass, was filed by plaintiff's attorney, and the writ was issued by the prothonotary and served on the defendant.

This praecipe form is a printed form and the mistake made was a result of removing the wrong printed form from the form file and filling in the blanks. Plaintiff's attorney discovered his error after the statute of limitations had run, and he filed a petition to correct the summons. The court granted a rule to show cause against defendant as to why the summons should not be corrected to read "in trespass' rather than "in assumpsit." Defendant filed an answer resisting this proposed amendment on the grounds that the statute of limitations had run against a personal injury claim, and that the court had no authority to permit a change from assumpsit to trespass.

Pennsylvania Rule of Civil Procedure 1033 provides, in part:

"A party, either by signed consent of the adverse party or by leave of Court, may at any time change the form of action. . . ."

A review of the cases would indicate that the law seems to be well settled that the court can permit a change in the form of action even though the statute of limitations may have run in the interim.

In Volume 3, Pennsylvania Standard Practice, page 695, the author states:

"Scarcely any proceeding is viewed with greater tolerance than errors in the form of the action."

The question that this court must determine is whether the error made and the change requested is an effort to change the cause of action or to change the form of action. This problem becomes a little difficult when a praecipe for a writ of summons is used, since the court has no knowledge of what facts plaintiff is relying upon. In the present case, plaintiff

filed a complaint in trespass after defendant had filed an answer to the rule to show cause why the amendment should not be allowed. Admittedly this complaint in trespass was filed by plaintiff for the purpose of strengthening his position in this matter, but it does indicate to this court that plaintiff was not trying to change his cause of action. The testimony indicates that the cause of action which plaintiff relies upon, and also which she negotiated through her attorney with the insurance company is the same cause of action upon which she relies in the complaint in trespass that she filed.

There are a number of cases which deal with this subject, and all of them seem to be somewhat consistent. For example, Grier Brothers v. Assurance Company, 183 Pa. 334, contains a discussion of the general rule.

The case that causes the most difficulty is the case of Smith v. Ellwood City Ice Company, 311 Pa. 147. In this particular case, plaintiff commenced the action in error by filing a praecipe directing that a summons in assumpsit issue against defendant. The summons was issued and defendant entered a general appearance. The statute of limitations ran, and, after that happened, defendant moved for a judgment of non pros. Plaintiff's counsel then presented a motion to amend the praecipe for summons by striking out the word "assumpsit" and inserting the word "trespass." The motion to amend was resisted by defendant on the ground that no amendment can be allowed which changes the cause of action when the statute of limitations has run.

In addition to the problem raised by this situation, there was a second problem which appeared under a local rule of the Lawrence County Court. This rule provided that where a declaration or statement (com-

plaint) is necessary, the same must be filed within three months after the return day of the writ or a judgment of non pros could be taken. Plaintiff had not complied with this rule of court. The lower court had granted the non pros and the Supreme Court sustained the lower court's position. The case is not too clear as to why the appellate court sustained the lower court's position, although, admittedly, the inference is raised by the fact the appellate court sustained the lower court's position on both matters. This, however, is not clear and in the absence of a clear mandate from the appellate court, we prefer the interpretation of the law appearing in other cases.

An interesting case to be considered is Leber v. Snyder's Bakery, 61 York 81. In this case, a writ in assumpsit was issued and served. Counsel for plaintiff then asked leave to amend the form of action from assumpsit to trespass. The court granted this, and, later, plaintiff filed a complaint in trespass which revealed that the action was based on an automobile accident. Defendant filed a demurrer averring that the court erred in allowing plaintiff to amend from assumpsit to trespass after the statutory period within which to bring an action for personal injuries had expired. The York County court concluded that plaintiff had merely changed the form of his action and not the cause of action. We agree with the court's ruling in this case and feel that it is quite similar to ours.

If there were some showing that defendant was prejudiced by this, then this court would be inclined to consider that factor, since there is no reason why an inadvertent error on the part of plaintiff should work to the detriment of defendant. Such is not the case here, because defendant through his liability insurance carrier had an opportunity to do the necessary investigating work and has not been misled in any way by the filing of the praecipe for a writ in

assumpsit, since the insurance company obviously knew that an error had been made.

In 2A Anderson Pennsylvania Civil Practice 406 the author states:

"When the defect has been due to the mistake or inadvertence of counsel and there is a reasonable excuse for such error the court should allow the amendment, if otherwise proper. Amendments should be liberally allowed so that the parties do not suffer because of the procedural mistakes of their attorneys."

We agree with this.

ORDER

And now, February 21, 1969, the rule to show cause why plaintiff should not be allowed to amend the praecipe to be a praecipe in trespass rather than in assumpsit is made absolute, and such amendment is allowed, and the court does further direct the Prothonotary of Mercer County to consider this as an action in trespass rather than in assumpsit.