Coffey, Appellant, *v.* Faix.

Argued March 17, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Donald I. Shrager,* with him *Leonard M. Mendelson,* for appellants.

*David B. Fawcett, Jr.,* with him *Bruce R. Martin, Daniel Winters, Dennis C. Harrington, Harvey E. Schauffler, Jr.,* and *Dickie, McCamey & Chilcote,* and *Stein & Winters,* for appellees.

OPINION BY MR. JUSTICE COHEN, September 26, 1967:

This is an action of trespass seeking damages for injuries sustained as the result of alleged medical malpractice on the part of defendants. The trial court entered a judgment of compulsory nonsuit against plaintiffs for failing to comply with Rule 26 of the Court of Common Pleas of Allegheny County. From the order refusing to remove the nonsuit, plaintiffs have appealed.

A pretrial conference was held in April 1965, and a pretrial statement was filed by plaintiffs listing 13 physicians as liability and medical witnesses. On April 6, 1966, plaintiffs filed an amended pretrial statement listing Dr. Robert Tuby as an additional liability and medical witness. On May 24, 1966, the morning of trial, plaintiffs furnished defense counsel reports of Dr. Tuby and Dr. John Solhaug, who had been previously listed as a witness.

Defendants objected to the testimony of both physicians on the ground that their reports had not been filed in accordance with Rule 26, which provides in pertinent part: "I. Counsel for plaintiff, within thirty (30) days after the case is listed for Pre-Trial and Conciliation and notice given the parties as herein provided: (a) Shall serve upon all counsel of record a written statement containing: . . . (3) Medical reports of any doctor who treated, examined, or has been consulted in connection with the injuries complained of, and who may be called as a witness." It further provides: "V. Witnesses whose . . . reports have not been

furnished under I(a)(3) . . . will not be permitted to testify at the subsequent trial of the case."

Plaintiffs contend that Rule 26 applies only to *medical* reports of a physician who treated, examined or has been consulted in connection with plaintiff's *injuries*. They argue that the rule does not require that a report be disclosed when that report relates a physician's opinion as to the negligence of the defendants. Consequently, they conclude, Dr. Tuby's report falls outside Rule 26, because he was consulted not in connection with wife-plaintiff's injuries, but to determine whether defendants' conduct constituted negligence. We agree. Dr. Tuby is a practicing physician in New York State and was consulted by plaintiffs' counsel as an expert liability witness whose testimony would establish for plaintiffs a prima facie case. Were we to decide otherwise, we could then face the issue of whether or not Rule 26 violates Pa. R. C. P. 4011(d) which proscribes discovery of reports secured in anticipation of litigation or in preparation for trial. The Act of June 21, 1937, P. L. 1982, No. 392, §2, 17 P.S. §62 permits the courts of Allegheny County to adopt local rules "which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania." In order to preserve the local rule, it must be so construed as not to conflict with the rules of this Court, if such construction is reasonable. Accordingly, the lower court erred in refusing to allow Dr. Tuby to testify.

Dr. Solhaug, on the other hand, was consulted in connection with certain mental and emotional disorders which he observed in wife-plaintiff and which he casually relates to defendants' alleged negligent conduct. Although his name was listed in plaintiffs' pretrial statement as both treating physician and prospective expert witness, no report of Dr. Solhaug was filed until the morning of trial. Accordingly, the testimony

of Dr. Solhaug would normally be precluded by Rule 26. However, inasmuch as we are ordering the non-suit removed and defendants have had the benefit of Dr. Solhaug's report for some time, he may testify at trial.

Order refusing to remove compulsory nonsuit reversed and cause remanded for trial.