364 A.2d 377

Leland L. BAKER, Appellant,

v.

**SCRANTON ALUMINUM MFG. CO., Appellee.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

490

John R. Bonner, Williamsport, for appellant.

John C. Youngman, Jr., Williamsport, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge.

This case comes to us on appeal from the Court of Common Pleas of Lycoming County and involves an interpretation of Rule 14(7) of the Lycoming County Rules of Court.

The plaintiff had filed an action in trespass against the defendant on October 10, 1972. On Wednesday, April 17, 1974 a jury trial was held on the matter which resulted in a verdict in favor of the defendant on the same date. The plaintiff filed a written motion for a new trial on April 23, 1974. On May 1, 1974 the defendant filed a motion to dismiss plaintiff's motion for a new trial on the ground that the plaintiff failed to comply with Lycoming County Rule 14(7) which required that a motion for a new trial be filed within four days of the verdict. On August 8, 1974 the court below granted the defendant's motion. Plaintiff is now appealing from the ruling.

The pertinent portion of Rule 14(7) of the Lycoming County Rules of Court provides as follows:

"(7) Motions Stopping Judgment. Motions for new trials, for judgment N.O.V., to take off nonsuits and

in arrest of judgment, with the reasons, shall be filed, and a copy given to the trial judge and adverse party, within four days after verdict or nonsuit."

■■ The plaintiff contends that Rule 14(7) has been superseded by Rule 1038(d) of the Pennsylvania Rules of Civil Procedure and by Rule 1123 of the Pennsylvania Rules of Criminal Procedure in that Rule 1038(d) provides for a period of twenty days in which to file post trial motions in a civil case and Rule 1123 provides for a period of seven days in which to file such motions in a criminal case. However, Pa.R.C.P. 1038(d) deals with the time period for filing post trial motions in an assumpsit case that is tried without a jury. Pa.R.Crim.P. 1123 deals with criminal cases and has no applicability to civil cases. Thus neither of the aforesaid rules governs the instant case nor supersedes Rule 14(7) of the Lycoming County Rules of Court in civil cases involving jury verdicts although the said local rule is superseded in criminal cases and in assumpsit cases involving non-jury verdicts. Therefore the only applicability of Rule 14(7) is in civil jury cases. By so holding we are construing the local rule in a manner not inconsistent with the Rules of the Supreme Court. See *Coffey v. Faix*, 426 Pa. 421, 233 A.2d 229 (1067).

■ The plaintiff contends that he did not violate Rule 14(7) because he filed his motion for a new trial on the fourth business day after the verdict was rendered by the jury. April 17, 1974 was a Wednesday. Therefore April 20, 1974 was a Saturday and April 21, 1974 a Sunday. The plaintiff's position is that neither day should have been computed in the time limitation for filing post trial motions so that Tuesday, April 23, 1974 would have been the fourth day of the time period. Since his motion was filed on that date he reasons that it was timely and that the court below was incorrect for dismissing it on the grounds of untimeliness. The Act of

1883, June 20, P.L. 136, § 1; and 1959, August 11, P.L. 692, No. 233, § 1, 76 P.S. § 172, provides that in computing time periods for the performance of any act that the first day is to be excluded and the last day of the period is to be included. The section goes on to state that in the event that the *last* day of the period should fall on a Saturday, Sunday or holiday, then that date is to be omitted from the computation. Turning to the facts of our case it is apparent that the date of April 17, 1974, the date of the verdict, is to be excluded from the period. Therefore the fourth (last) day of the period is April 21, 1974, a Sunday. Since Sundays are to be omitted from the time period when they are the *last* day, the fourth day of the time period would be April 22, 1974. Since plaintiff's motion was filed on April 23, 1974, it was filed after the time period set forth in Rule 14(7). As such it was within the lower court's province to dismiss the motion for untimeliness.

■ The plaintiff also claims that to enforce the four-day time limitation so rigidly would be to work an unfairness upon him. While we do recognize that a four-day time period in which to file post trial motions is rather short, we also must recognize that since the Pennsylvania Rules of Civil Procedure do not set forth a time limitation in which to file post trial motions in a civil trespass case that is tried before a jury, that this matter is then within the province of local rules and that common pleas courts have the inherent power to enforce their rules. Although the defendant's actions in filing its motion to dismiss for untimely filing smacks of "sharp practice" in the instant situation, we do not feel that a sufficient abuse of discretion in enforcing its local rules has been committed by the court below. Therefore we must affirm its decision in dismissing the plaintiff's motion.

Order affirmed.

HOFFMAN, J., files a dissenting opinion in which CERCONE, J., joins.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge (dissenting):

I too agree that Rule 14(7) of the Lycoming County Rules of Court has not been superseded by the Pennsylvania Rules of Civil Procedure—although I note in passing that it is about to be. *See* Proposed Addition to Pennsylvania Rules of Civil Procedure, Rule 227.1: "All post trial motions after trial by jury, including a motion for a new trial . . . shall be filed within ten (10) days after . . . verdict . . . ." I further agree that appellant's counsel did not comply with Rule 14(7); he should have counted the Saturday. Even so, I should vacate and remand with instructions.

The complaint is for strict liability. It is alleged that appellee, which manufactures aluminum ladders, supplied appellant's employer with a defective ladder, which buckled and broke while appellant was using it, with the result that appellant suffered permanent injuries entailing medical expenses of some $6,700 and loss of wages of some $7,000. With no transcript, we only know that the jury returned a verdict for appellee.

Appellant's motion for new trial assigns nine specific errors (Assignments Nos. 10, 11, and 12 are general: the verdict was "against the law", "against the evidence," and "against the charge"). Since we have no transcript we cannot appraise any of these. However, some at least sound as though they might raise issues of substance. No. 1, for example, reads: "The learned Judge erred in allowing the Defendant to file an Answer to Plaintiff's Complaint the day of trial." No. 4 reads: "The learned Judge erred in his charge to the jury in categorizing Defendant's witnesses' testimony as showing Plaintiff's version of the accident to be a physical impossibility." And

No. 5 reads: "The learned Judge erred in refusing to charge the jury on the doctrine of agency."

We have no explanation from the lower court, only its order: "AND NOW, August 8, 1974, the Motion for a New Trial having been filed late, the Motion is hereby denied." Lacking any explanation, I read this as saying, "the Motion is hereby denied *only because it was one day late and without consideration of the merits*."

The majority says that "it was within the lower court's province to dismiss the motion for untimeliness." At 378. I am sure this means that "it was within the lower court's discretion to dismiss the motion . . . . ;" no court's province includes arbitrary action. I therefore read the majority's opinion as holding that the lower court did not abuse its discretion.

If it appeared that the lower court had exercised its discretion, we should have to decide whether there had been an abuse. What appears, however, is that the lower court refused to exercise its discretion, rather enforcing the rule in a mechanical way.

To some extent—and this makes the case difficult—this is the fault of appellant's counsel: they only argued that they had complied with Rule 14(7); they did not argue that even if they had not complied, the court should in its discretion excuse them and hear the motion for new trial. In my view, however, this mode of argument did not permit the court to refrain from exercising its discretion; a judge is not a judge if he does not try to be fair. In addition, the judge must explain his decision, for the parties must see that he has tried to be fair or his decision will command no respect. *See Commonwealth v. Riggins*, 232 Pa.Super. 32, ——, 332 A.2d 521, 524 (1974) (dissenting opinion) (allocatur granted August 15, 1975 at No. 40 Jan. Term 1976).

In my opinion, therefore, the order of the lower court should be vacated and the record remanded with instruc-

tions that the lower court decide whether in the sound exercise of its discretion the motion for new trial should be heard, and that it file an explanatory opinion.

HOFFMAN, Judge (dissenting):

While I agree that Rule 14(7) of the Lycoming County Rules of Court has not been superseded by the Pennsylvania Rules of Civil Procedure, I cannot agree that the lower court's elevation of form over substance did not amount to an abuse of discretion.

Under the terms of the local rule, appellant had four days in which to file post-trial motions. Because the fourth day following the verdict was a Sunday, Rule 106, Pa.R.C.P., provides that it be excluded. Therefore, appellant had until Monday, April 22, 1974, to file post-trial motions. In fact, appellant did not file the motions until Tuesday, April 23. The lower court denied the motions as untimely filed.

Although the lower courts should certainly encourage compliance with the local rules of court, to do so in the instant case is highly inequitable. Our Supreme Court has stated that rules of civil procedure should be liberally construed and applied in order to avoid the inequity that rigid application may sometimes cause: "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Rule 126, Pa.R.C.P.

In the instant case, appellee concedes that appellant announced his intention to file post-trial motions immediately after the return of the verdict. Furthermore, the delay of one day in filing the motions resulted from the good-faith belief of appellant's attorney that Saturdays were not included in computing the period. In view of the extremely short period of time provided by Lycom-

ing County for the filing of post-trial motions, this mistaken belief is an insufficient reason to deprive appellant of a disposition on the merits.

The lower court certainly had the power to entertain the motions. See, *Helmig v. Rockwell Manufacturing Co.*, 389 Pa. 21, 131 A.2d 622 (1957), cert. denied, 355 U.S. 832, 78 S.Ct. 46, 2 L.Ed.2d 44, reh. denied, 355 U.S. 855, 78 S.Ct. 146, 2 L.Ed.2d 115. Its refusal to exercise that power unfairly prejudiced appellant.

I would reverse and remand for the disposition of appellant's post-trial motions.

CERCONE, J., joins in this dissenting opinion.