365 A.2d 856

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Daniel Brenner O'BRYAN.**

**No. 479.**

Superior Court of Pennsylvania.

Argued April 15, 1976.

Decided Nov. 22, 1976.

Jess D. Costa, Dist. Atty., Fred J. Sentner, Asst. Dist. Atty., Washington, for appellant.

Frank A. Conte, Washington, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge.

This is an appeal by the Commonwealth from an order of the Court of Common Pleas of Washington County, Criminal Division, dismissing a prosecution pursuant to 18 P.S. § 109, Act of December 6, 1972, P.L. 1482, No. 334, § 1, which provides in pertinent part:

> "When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction. . . ."

Defendant-appellee was indicted on a robbery charge (arising from a purse-snatching in a supermarket parking lot) and tried before a jury on February 20 and 21,

1975. The Commonwealth's evidence included a positive identification of appellee by the victim. The defense was alibi. Appellee's demurrer at the close of the Commonwealth's case was overruled and his motion for a directed verdict after the closing arguments was denied. The jury retired at 11:15 A.M. At 3:25 P.M. the court read into the record a note it had received from the foreman advising, "We all cannot come to a decision because [sic] lack of evidence." The court instructed the jury to reconsider the matter, reiterating that the Commonwealth was required to prove guilty beyond a reasonable doubt. At 4:25 P.M. the court announced its receipt of a further communication advising that the jury was "Split down the middle 6–6." The court then discharged the jury, and told the prosecutor that he could list the matter for retrial.

On March 19, 1975, appellee filed an application for abandonment of prosecution, asserting that the foreman's note referring to "lack of evidence" was a "determination that there was insufficient evidence to warrant conviction" and that further prosecution was therefore barred.[1] The court below agreed. Its opinion states:

> "We agree with the jurors' finding that there was a lack of evidence. It is unfortunate that they did not find the defendant not guilty. Apparently they could not. We have had this matter on suppression and at trial. The prosecution has no other testimony or evidence to bolster its weak case.
>
> "Accordingly, we believe that retrial would be a waste of trial time and a burden on the system. We have dismissed the matter."

We agree with the Commonwealth that this was error; the foreman's note was not a determination that

1. As appellee does not question the propriety of the court's action in discharging the jury, no double jeopardy issue is presented. See *Commonwealth v. Frederick*, 235 Pa.Super. 78, 89, 340 A.2d 498 (1975).

the evidence was insufficient. However, the Commonwealth's further assertion that: "[T]he Trial Judge has no authority to summarily decide that there was insufficient evidence to warrant a conviction after a jury has been unable to reach a verdict in a criminal case" is erroneous. The Act of May 17, 1957, P.L. 149, No. 68, § 1, 19 P.S. § 870 provides:

> "In all criminal prosecutions in this Commonwealth in which the jury is dismissed or discharged by the court without reaching a verdict recorded by the court on motion of the defendant that the evidence is insufficient to sustain the charge, the court shall discharge the defendant and dismiss the case if it decides that there is not sufficient evidence to sustain a conviction."

Although this statutory provision was neither invoked by appellee nor cited by the court below, that does not *ipso facto* preclude its application here. In *Commonwealth v. Conner*, 462 Pa. 282, 286, 341 A.2d 81, 83 (1975), the court treated a petition for a writ of coram nobis as a Post Conviction Hearing Act petition, expressing the view that: "[C]ourts should act by whatever procedural channels appear necessary to do justice when the record makes plain a right to relief."

However, assuming arguendo that appellee's application for abandonment of prosecution could be treated as a timely motion for discharge under 19 P.S. 870,[2] we must still disagree with the conclusion of the court below. While the words "[in]sufficient evidence to sustain a conviction," used in Section 870, have never been construed in the context of that statute, identical language is used in the section following it, 19 P.S. 871,[3]

2. This provision is so obscure that the Rule of Criminal Procedure, to which we would normally look to determine timeliness, does not mention it. A copy of this opinion will be sent to the Criminal Procedure Rules Committee in the hope that this omission will be corrected.

3. Act of June 15, 1951, P.L. 585, § 1.

which provides for arrest of judgment following a verdict rendered on insufficient evidence. It cannot be doubted, therefore, that the test of sufficiency is the same under both provisions, to wit: whether, accepting as true all the evidence and all reasonable inferences therefrom, it is sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Winebrenner*, 439 Pa. 73, 265 A.2d 108 (1970).

Applying this standard to the instant case requires reversal. As stated above, the Commonwealth's case included an identification of appellee by the victim. There were some weak spots in her testimony, and her opportunity to observe her assailant was less than ideal. However, the testimony was clearly sufficient at law to convict appellee. The application for abandoment of prosecution should therefore have been denied.

Grasping at a straw, appellee cites Rule 1901, Pennsylvania Rules of Judicial Administration, as providing authority for the court's action. Rule 1901 provides for the *sua sponte* termination of matters remaining inactive for an unreasonable period of time. When the application for abandonment of prosecution was filed, the matter had been inactive for 25 days. As the note to the rule suggests that two years is the outer limit of reasonableness, we experience no difficulty in concluding that Rule 1901 has no application here.

Neither appellee in his brief, nor the court in its opinion, refer us to any authority for a dismissal of an indictment, over the Commonwealth's objection, on the basis of the court's belief that such action is in the interests of justice. Accordingly, the order is reversed and the case is remanded for trial.