## Gardone v. Stilts

*John A. Bacharach*, for plaintiff.
*Paul F. Laughlin*, for defendant.

WETTICK, *J.*, May 15, 1978—

## I

The issue before this court is whether Local Rule 229(e) of this court is invalid because it permits termination without notice of any matter in which there has been no activity of record for two years.

The facts are not in dispute. On April 30, 1974, plaintiff instituted the present action by filing a complaint with the prothonotary of Allegheny County; on May 28, 1974, defendant filed an answer and counterclaim to plaintiff's complaint; and on July 9, 1974, plaintiff filed an answer to defendant's counterclaim. No further action was taken in this case until August 31, 1976, when counsel for plaintiff filed a praecipe for issue with the prothonotary of this court, causing the case to be placed on the trial list.

On March 17, 1978, defendant presented to this court a petition to strike the case from the trial list on the ground that pursuant to Local Rule 229(e) the case automatically terminated on July 9, 1976, this being two years from the last activity of record. Plaintiff has requested dismissal of the petition to strike on the ground that Local Rule 229(e) is invalid to the extent that it provides for automatic termination of the proceedings without any prior notice of opportunity for a hearing on the proposed termination.[1]

---

1. Except for cases submitted to arbitration, it is not the practice within this county to publish a list of the proceedings subject to termination by reason of inactivity during the previous two years.

## II

Local Rule 229(e) reads as follows:

"Any matter pending in the Civil or Family Division in which there has been no activity of record for a period of two (2) years or more shall be terminated automatically by operation of law by reason of inactivity. The first period of two years is to begin on January first, 1973. The matter may be reactivated by the Court upon petition for good cause shown after such notice as the Court shall direct. The filing of a paper after automatic termination under this rule shall not reactivate the terminated matter."

This rule provides that termination is automatic once there has been no activity of record for a period of two years and that the filing of a paper after automatic termination under this rule shall not reactivate the terminated matter. Thus if Local Rule 229(e) is valid, this case was automatically terminated by reason of inactivity on July 9, 1976, and must therefore be stricken from the trial list without prejudice to plaintiff to petition for good cause shown to reactivate the proceedings. We, therefore, consider defendant's challenge to the validity of Local Rule 229(e).

Every common pleas court may adopt local rules for the conduct of its business, provided that they are not inconsistent with or in conflict with the rules of court prescribed by the Supreme Court of Pennsylvania. See Act of June 21, 1937, P.L. 1982, sec. 2, as amended, 17 P.S.§62; Coffey v. Faix, 426 Pa. 421, 233 A. 2d 229 (1967); Gilmer v. Philadelphia Transportation Co., 237 Pa. Superior Ct. 57, 346 A. 2d 346 (1975).

Plaintiff contends that the provisions of Local Rule 229(e) permitting automatic termination without prior notice are inconsistent with the provisions of Rule 1901 of the Pennsylvania Rules of Judicial Administration. The relevant portion of Rule 1901 reads as follows:

"(a) General policy. —It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

"(b) Primary responsibility for implementation of policy.

"(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or district justices of the peace of the judicial district.

"(2) The Philadelphia Municipal Court and the Traffic Court of Philadelphia are each directed to make rules of court for such purposes applicable to their respective courts.

"(c) Minimum standards. —Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

"(1) In person or by mail to the last address of record of the parties or their counsel of record and

setting forth a brief identification of the matter to be terminated; or

"(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown."

The language of subsection (c) of Rule 1901 is not free from ambiguity. Subsection (c), if read literally, requires prior notice of opportunity for hearing only before "any *order* terminating a matter on the ground of inactivity is entered" and in the present case the proceedings were terminated not by order of court, but by a local rule which provides for automatic termination when a case has been inactive for two years. This local rule was adopted pursuant to subsection (b) of Rule 1901 which directs every common pleas court to make local rules to eliminate inactive cases from our judicial system. Subsection (b) contains no explicit requirement that the local rule shall provide for termination of proceedings for inactivity only by order of court. Thus if we construe subsection (c) of Rule 1901 to require prior notice only for proceedings terminated by order of court and if we construe subsection (b) of Rule 1901 to permit the adoption of a local rule of court which terminates automatically, and without order of court, proceedings for which there has been

no activity for two years, Local Rule 229(e) does not conflict with Rule 1901.

Furthermore, subsection 1901(c) permits notice by publication in any proceeding in which the docket of the proceeding shows no evidence of activity during the previous two years. The contents of the publication are not specified and arguably the publication requirement may be met by publishing the rule—which would alert counsel that inactivity in any proceeding for a two-year period will result in termination—as opposed to publishing the caption of the proceeding with term and number—which would alert the parties and their counsel of any particular proceeding that is in jeopardy of being terminated for inactivity.

Because the language of subsection (c) of Rule 1901 is not entirely free from ambiguity, in construing this subsection we will be guided by the note which accompanies this rule. While the note is not part of the rule (see Onorato v. Wissahickon Park, Inc., 430 Pa. 416, 422, 244 A. 2d 22 (1968)), this note accompanied the publication of the rule[2] and has been relied upon by our appellate courts in construing Rule 1901. See Commonwealth v. O'Bryan, 243 Pa. Superior Ct. 289, 294, 365 A. 2d 856 (1976).

The note to Rule 1901(c) provides that a court may meet subsection (c)'s notice by publication requirements by adopting a local rule which automatically terminates any proceeding in which no paper has been filed within the past two years and by publishing in the legal newspaper only the local rule which automatically terminates the proceeding for inactivity subject to the right of any party to

---

2. See 3 Pa. Bull. 921 (1973).

petition for reinstatement for good cause shown. The relevant portion of the note reads as follows:

"Under Rule 1901(c)(2), in those cases where it is unduly burdensome to research the captions, parties and mailing addresses of cases which have been inactive for two years or more, the moribund matters may be terminated by the adoption and publication of a general refiling requirement, without service of individual notice. Under such a local rule matters in which no paper has been filed within the previous two years would be deemed terminated without any further entry in the docket, and all such matters could be excluded from any computerized or other modern docket control system installed in the judicial district, subject to the right of the parties to reactivate the matter for good cause shown."

We adopt this construction of Rule 1901(c). We, therefore, hold that Local Rule 229(e) does not conflict with Rule 1901 and will grant defendant's petition to strike the case from the trial list without prejudice to plaintiff to petition for reinstatement for good cause shown.[3]

---

3. The Supreme Court of Pennsylvania intended to protect the courts from stale claims by adopting Rule 1901. Consequently, a proceeding may be reinstated only for good cause shown. The burden is placed on the petitioner to establish good cause and this requires a showing that the petition to reinstate was promptly filed and that a reasonable explanation or excuse be offered for the inactivity. See, generally, International Telephone and Telegraph Corporation v. Philadelphia Electric Company, _____Pa. Superior Ct. _____, 378 A. 2d 986 (1977).

## ORDER

And now, May 15, 1978, upon petition of defendant, it is hereby ordered that the case shall be stricken from the trial list in accordance with Local Rule 229(e) without prejudice to plaintiff to petition to reactivate the proceedings for good cause shown.