48

Condemnation Proceedings in Rem by Upper Gwynedd Township, County of Montgomery, Pennsylvania, for Recreational and Conservatory Purposes for Certain Premises as Shown in Plan of Lots, North Wales Park, Dated September 22, 1965, Prepared by William T. Weir, Registered Engineer. Grace Building Co., Inc. et al., Appellants.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellants.

*Albert R. Subers,* for appellee.

OPINION BY JUDGE BLATT, July 5, 1979:

The Grace Building Co., Inc. (condemnee) appeals here from the dismissal of its motion for a new trial by the Court of Common Pleas of Montgomery County. The township of Lower Gwynedd (condemnor) had filed a petition requesting the dismissal of the motion because of the condemnee's delay and its non-compliance with the local rules of court.

On May 14, 1970, three days after the trial in which a jury had awarded the condemnee damages of $10,-000, it filed its motion for new trial, and, under Rule 252 of the Montgomery County Court of Common Pleas as it then read,[1]

[c]ounsel filing such motion shall forthwith send a copy thereof to the trial judge and to the official court stenographer.

It is undisputed, however, that the condemnee did not then send and had not since sent any such copy of its motion by the time the condemnor filed its petition to dismiss the motion four years later.

In granting the condemnor's petition, filed on January 16, 1975, the lower court cited the condemnee's failure to comply with the rule and suggested that the stenographic notes, which had not been transcribed, as well as the trial judge's bench notes, were by that time difficult to reproduce if not actually inaccessible. The condemnee argues, however, that the provisions of the rule in question are directory and not mandatory, that the stenographic notes are in fact still available, and could be transcribed, and that the condemnor has shown no prejudice as a result of the delay.

Regardless of whether the provisions of the rule in question are characterized as mandatory or directory, we think it is clear that "[t]he failure to make

---

[1] The rule now provides that "[c]ounsel filing such motion shall forthwith send copies in triplicate to the trial judge."

service as required by a rule of court is sufficient to justify that court in refusing to consider the motion. . . ." 6A Standard Pennsylvania Practice 154 (2d ed. 1960). Indeed, it seems to us that compliance with these provisions is essential for the orderly and effective processing of motions made thereunder. The lower court, of course, could have waived this procedural irregularity, for it did not constitute a jurisdictional defect, but we are unable to perceive any abuse of discretion in its refusal to do so.[2] Moreover, we see no reason why the condemnor should be put to the burden of showing prejudice when the lower court found no excuse for the condemnee's noncompliance with the rule.

We will therefore affirm the order of the lower court.

ORDER

AND Now, this 5th day of July, 1979, the order of the Court of Common Pleas in the above-captioned matter is hereby affirmed.

---

[2] Cf. Baker v. Scranton Aluminum Mfg. Co., 242 Pa. Superior Ct. 488, 364 A.2d 377 (1976) (no abuse of discretion in dismissing motion filed one day after four-day time period established by local rule).