**Commonwealth v. Hamilton**

C. *Gregory Frantz, Assistant District Attorney,* for Commonwealth.
*Wilbert H. Beachy, III,* for defendant.

COFFROTH, *P.J.,* December 17, 1979—In this appeal by defendant of his summary conviction for speeding, the issues for decision boil down to these:

(1) Whether the district justice filed the appeal documents with the clerk of courts within 20 days after receipt of notice of appeal.

(2) Whether the fact that defendant was driving another person's car to a service station for repair of a malfunctioning speedometer excuses the speeding violation.

(3) Whether a state police officer (Brain) in uniform who has not observed the violation may lawfully issue the citation for speeding to defendant immediately after defendant is stopped, on the basis of information furnished to him by another state police officer (Evan) who, not in uniform, fol-

lowed defendant on the highway and clocked him with his properly tested speedometer at 70 miles per hour in a 55 mile per hour speed zone.

## Filing Appeal Documents

Pa.R.Crim.P. 67(d) provides that the district justice shall file with the clerk of courts the listed appeal documents "within twenty (20) days after receipt by him of the notice of appeal." The notice of appeal was served on the district justice on September 13, 1979; his documents were filed with the clerk on October 3, 1979. Defense counsel argues that by counting September 13, October 3 is the 21st day making the filing too late and entitling defendant to an order of non pros.

The universal rule for computing periods of time excludes the first day of the period on which the event occurred, and includes the last. The rule applies to statutes, 1 Pa.C.S.A. §1908, and to the Rules of Civil Procedure, Pa.R.C.P. 106. Although the Rules of Criminal Procedure state no rule or principle for such computations, the general rule above stated is made applicable to all rules of court by section 1 of the Act of June 20, 1883, P.L. 136, as amended, 76 P.S. §172. See Baker v. Scranton Alum. Mfg. Co., 242 Pa. Superior Ct. 488, 491-2, 364 A. 2d 377 (1976). Therefore, the appeal documents were timely filed in this case. See also Com. v. Warman, 37 Somerset 25, 28, fn. 1 (1977), pointing out that the same rule is applicable to computations of time under Pa.R.Crim.P. 1100.

Even if the documents were filed late, it does not follow that the appeal is subject to quashing or non pros in the absence of a showing of prejudice. See Com. v. Schlotthauer, 61 D. & C. 2d 170, 27 Somerset 376 (1972).

## Malfunctioning Speedometer

Malfunctioning equipment is not a defense to a speeding charge: Com. v. Schlotthauer, 61 D. & C. 2d at 187, 27 Somerset at 392; see also Com. v. Buchser, 185 Pa. Superior Ct. 54, 138 A. 2d 191 (1958); Com. v. Thompson, 13 Pa. Commonwealth Ct. 162, 163, fn. 1, 318 A. 2d 408 (1974); Com. v. Ellsworth, 57 D. & C. 2d 381 (1972); Com. v. Lipka, 11 Centre 593 (1975). The speeding prohibitions of the Vehicle Code impose an absolute liability (malum prohibitum) and are not dependent on existence of any particular mental state. See Com. v. Ewing, 10 D. & C. 3d 206, 36 Somerset 98 (1979).

## Authority To Issue Citation

There are two aspects to the defense argument here: (1) only the officer who observed the violation may issue a citation, and (2) the issuance of a citation is the equivalent of an arrest without warrant which can be made only for violations occurring in the arresting officer's presence.

Use of citations was originally authorized by Pa.R.Crim.P. 131 adopted on January 31, 1970, 437 Pa. xxvii and lv. Subparagraph (a) of Rule 131 provided as follows: "(a) When the commission of a summary offense is *observed* by a police officer, he may, in his discretion, issue a citation to such person charging the violation of said summary offense." (Emphasis supplied.) Under that rule this citation was improperly issued by officer Brain. Compare Com. v. Schlotthauer, supra. Pa.R.Crim.P. 131 was later substantially amended and renumbered as Criminal Rule 51 on September 18, 1973 (454 Pa. xxxv and xliv); Rule 51 was later amended on January 23, 1975 (459 Pa. xxxix) and

June 30, 1975 (460 Pa. lxx) into its present form which eliminates the requirement that the issuing officer have *observed* the offense, and mandates only that the issuing officer be in uniform.* Consequently, it was held in Com. v. Clemmer, 67 D. & C. 2d 571 (1974), that a citation for speeding issued by a police officer in uniform, upon information received from the pursuing officer not in uniform was valid. That is this case, and we see no reason of policy or good sense why that is not a proper result. Accord: Com. v. Lightman, 26 Cumberland 292 (1976), discussed in Com. v. Antram (No. 3) 38 Somerset 52 (1979); Com. v. Cramer, 27 Cumberland 117 (1977). See also Comment to Rule 51 which states in part:

"Evidence upon which a police officer may issue a citation may be received by him in any one of the following ways: a personal observation of the commission of the offense; evidence he has received of a summary violation based on radar or other speed-timing equipment; or his determination based on his investigation at the scene that he has probable cause to believe the defendant has committed a summary violation." Compare Com. v. Schlotthauer, supra.

---

*The relevant portion of Pa.R.Crim.P. 51 provides as follows:

"A. Criminal proceedings in summary cases shall be instituted in the following manner: (1) Traffic offenses (other than parking)

(a) Except as provided by subparagraphs (A)(1)(b) and (c), a citation shall be issued to the defendant by a police officer, who shall be in uniform, when the offense charged is a violation of a traffic ordinance or when it is a summary offense under the Vehicle Code." The remainder of the Rule is inapplicable.

It is true that Vehicle Code, 75 Pa.C.S.A. §6304(a), authorizes arrest without warrant only by certain officers in uniform when the offense occurs "in the presence of the police officer making the arrest." But stopping a motorist and issuing a traffic citation is not such an arrest: Com. v. Caton, 34 Somerset 333 (1977); compare Com. v. Collini, _____ Pa. Superior Ct. _____, 398 A. 2d 1044 (1979).

## ORDER

Now, December 17, 1979, we find defendant guilty of speeding as charged. He is sentenced to pay a fine of $55 and costs.