## Little v. Allstate Insurance Company

*James B. Cole,* for plaintiff.
*Herbert Bennett Connor,* for defendant.

WETTICK, *J.,* October 17, 1980—This is an action against a no-fault carrier to recover no-fault benefits and attorney's fees. Plaintiff's claim for attorney's fees is based on section 107(3) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, sec. 107, 40 P.S. § 1009.107, which reads as follows:

"(3) If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any

significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended."

Prior to rejecting plaintiff's claim for no-fault benefits, defendant conducted an investigation of the claim. Plaintiff filed a motion to produce in which it requested defendant to make available for inspection and copying all documents prepared in connection with this investigation. Defendant produced copies of these documents but deleted all references to the scope of the investigators' evaluations of the evidence and investigators' opinions as to the merits of plaintiff's claim. Presently before this court is plaintiff's motion to compel defendant to produce the deleted portions of these documents.

The material which plaintiff seeks is relevant to her claim for counsel fees. This claim raises the issue of whether defendant denied the claim without reasonable foundation, and evidence relating to the scope of defendant's investigation, its evaluation of the evidence and its reasons for denying the claim is directly related to whether the claim was denied with or without reasonable foundation. Consequently, unless this material is explicitly protected from discovery under another discovery rule, it is discoverable under Pa.R.C.P. 4003.1 which allows a party to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.

In support of its position that the deleted portions of the documents are not discoverable, defendant relies on Pa.R.C.P. 4003.3. which reads as follows:

"Subject to the provisions of Rules 4003.4 and 4003.5, a party may obtain discovery of any matter discoverable under Rule 4003.1 even though prepared in anticipation of litigation or trial by or for

another party or by or for that other party's representative, including his attorney, consultant, surety, indemnitor, insurer or agent. The discovery shall not include disclosure of the mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories. With respect to the representative of a party other than the party's attorney, discovery shall not include disclosure of his mental impressions, conclusions or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics."

While this rule protects the mental impressions, conclusions and opinions of a party's representative prepared in anticipation of litigation, it is not clear from a reading of the rule whether the protection is limited to the litigation of the claim for which the impressions, conclusions and opinions were made or whether it extends to the litigation of claims which the impressions, conclusions or opinions do not address. For the reasons set forth below, this court concludes that Rule 4003.3's protections apply only to the litigation of the claim for which the impressions, conclusions and opinions were made.

First, this construction is consistent with the manner in which Rule 4003.3 has balanced the interests of protecting a party's work product against the interests of a party's discovering relevant evidence. The previous discovery rules placed greater emphasis on protecting the work product; these rules (Pa.R.C.P. 4011(d)) protected all matters made or secured in anticipation of litigation other than information as to the identity or whereabouts of witnesses. Rule 4003.3 drastically alters the balance by subjecting to discovery all matters prepared in anticipation of litigation other than mental impressions, opinions or conclusions of a

party's representative in addition to counsel's notes, summaries and legal research. Under this rule, evidence prepared or obtained in anticipation of litigation is now discoverable and only impressions and evaluations of the evidence are protected from discovery. And the policy of Rule 4003.3 of preferring discovery of relevant evidence over protecting a party's work product is promoted only by limiting this rule's protections to the litigation of the claims which the impressions, conclusions and opinions address and permitting discovery of such impressions, conclusions and opinions in other litigation in which they become relevant evidence.

Second, the case law construing the previous rule which gave far more protection to a party's work product limited the "anticipation of litigation" protection to the litigation for which the matters were prepared or secured. Thus if matters were prepared or secured in anticipation of litigation of a prior claim, these matters, if relevant to a subsequent action, were subject to discovery. See, generally, 10 Goodrich-Amram 2d §4003.3:4 and the cases cited therein. The rationale for limiting the "anticipation of litigation" protection in this fashion has far greater applicability when applied to a rule that gives greater protection to a party's interest in discovering relevant evidence and less protection to a party's interest in protecting his or her work product.

Third, the construction of Rule 4003.3 in this fashion is supported by the explanatory note to this rule.[1] This note states that where an opinion be-

---

1. While an explanatory note is not part of a rule (see Onorato v. Wissahickon Park, Inc., 430 Pa. 416, 422, 244 A. 2d 22 (1968)), these notes accompany the publication of a rule and are relied upon by our courts in construing the rules. See, for example, Com. v. O'Bryan, 243 Pa. Superior Ct. 289, 294, 365 A. 2d 856 (1976).

comes a relevant issue in an action, the opinion is not protected against discovery.

The case of Harvey v. Whatley, 2 Phila. 443 (1979), held that Rule 4003.3's protections against discovery of impressions, conclusions or opinions prepared in anticipation of litigation did not extend to subsequent litigation in which such matters were relevant. This case involved an action against an insurance company for allegedly representing an insured in bad faith. The court permitted the discovery of opinions in the insurance company's file made in anticipation of the litigation in which the insurance company allegedly acted in bad faith becuase such opinions were necessary to prove the claim.

Because the matters deleted from the documents which defendant provided are relevant to the issue of whether plaintiff's claim was denied without reasonable foundation and because these matters are not protected from discovery by Rule 4003.3 we enter the following[2]

## ORDER

On this October 17, 1980, it is hereby ordered that defendant shall within ten days furnish plaintiff the deleted portions of the documents previously furnished plaintiff.

---

2. Because this discovery motion involves only materials prepared by a representative of defendant other than its attorney, we are not faced with the issue of the extent to which the attorney-client privilege protects from discovery any impressions, conclusions and opinions of an attorney that are outside the protections of Rule 4003.3.