## Smith et al., Appellants, *v.* Ellwood City Ice Company.

148

Argued March 27, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*M. J. Kraus,* for appellants.

*Wylie McCaslin,* with him *Robert L. Wallace,* for appellee.

PER CURIAM, April 24, 1933:

This is an appeal by plaintiffs from a judgment of non pros. entered against them in an action to recover damages for injuries received in an automobile accident, July 8, 1929. At the time of commencement of the action on June 19, 1931, by inadvertence plaintiff's coun-

sel filed a præcipe directing that a summons in assumpsit issue against defendant. The summons was issued and served and defendant entered a general appearance on July 8, 1931. No further proceedings were had in the case until June 8, 1932, when defendant moved for judgment of non pros. Plaintiffs' counsel then presented a motion to amend the præcipe for summons, the summons itself and the sheriff's return by striking out the word "assumpsit" and inserting therein the word "trespass," so that the action would appear on the records of the court as an action in trespass instead of an action of assumpsit. The motion to amend was resisted by defendant on the ground that no amendment can be allowed which changes the cause of action to one upon which the statute of limitations has already run. See Grier Bros. v. Assurance Co., 183 Pa. 344. This position was sustained by the lower court and judgment of non pros. entered forthwith.

In addition to the fact that the two-year period allowed to bring an action of trespass had elapsed in this case on July 8, 1931, it appears that the action of the lower court was justified under Rule 18 of the rules of the Court of Common Pleas of Lawrence County, of which section 1 reads as follows:

"In cases where a declaration or statement is necessary, the same must be filed within three months after the return day of the writ, or last day for entering an appeal from justice, or judgment of non pros. may be taken on motion to Rule 16, section 4." The power of the lower court to make rules for the transaction of its business is unquestioned. The only limitation of the power is that the rules must not be contrary to law nor unreasonable. See Carroll v. Quaker City Cab Co., 308 Pa. 345, and cases cited therein. It is likewise within the discretion of the lower court to construe its own rules and determine whether they shall be rigidly enforced: Collins v. Leafey, 124 Pa. 203; Frank v. Colhoun, 59 Pa. 381. The rule of court in question here is

valid and judgment of non pros. was properly entered thereunder. Moreover, the record indicates that plaintiffs' rights were not prejudiced by the entry of summary judgment as a rule to show cause was granted upon defendant's motion and the court was apparently satisfied that plaintiffs could show no satisfactory reason why judgment should not be entered against them.

The judgment of the court below is affirmed.