Gilmer *v.* Philadelphia Transportation Company, Appellant.

58

Argued March 21, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Lewis H. Van Dusen, Jr.*, with him *F. Ross Crumlish*, and *Drinker, Biddle & Reath*, for appellant.

*James F. Mundy*, with him *Raynes, McCarty & Binder*, for appellee.

OPINION BY JACOBS, J., October 28, 1975:

This appeal is taken from a judgment in favor of appellee in the amount of $28,198.88, entered following a non-jury trial before Judge FORER. Appellant's primary argument is that its demand for jury trial should not have been denied below. We agree with that contention and therefore reverse and remand for a new trial.

On April 11, 1968, appellee filed a Complaint in Trespass averring that she had sustained injuries due to appellant's alleged negligent operation of one of its buses.

Appellee's complaint was marked "Jury Trial Waived." Appellant thereafter entered its appearance on April 20, 1968, and, pursuant to local court rules, a certificate of readiness to proceed to a non-jury trial was filed on February 24, 1970. Appellee petitioned for major case listing on January 24, 1972. This petition was denied without prejudice in July, 1972. In September, 1973, appellant moved to have appellee's certificate of readiness stricken so that a second medical examination of appellee could be performed. This motion was granted. Appellee again filed a certificate of readiness, certification of service and a petition for major case listing on January 30, 1974. On February 4, 1974, appellant demanded a jury trial, which demand was denied. A non-jury trial was held, resulting in the judgment which is appealed from here.

Philadelphia Civil Rule 909(a), in force at the time of appellant's demand for jury trial, provided as follows:

"When a certificate of readiness if [sic] filed in an action involving a claim in excess of $10,000.00, a jury trial may then be demanded upon the payment of the required jury fee and the consolidated trial list fee of $25.00.

If no such demand and payments be made any other party may demand a jury trial within 10 days from the filing of a certificate of readiness, by praecipe and the payment of the jury fee and the consolidated trial list fee."

Philadelphia Civil Rule 909(a) also included a "clarifying" order, issued by the Administrative Judge of the Court of Common Pleas in Philadelphia, which order provided:

"In order to do away with any uncertainty that may exist with respect to the application of Pennsylvania Rule of Civil Procedure 1007.1(a) which stated: 'Jury Trial. Demand. Waiver.'

In any civil action or proceeding in which the right to a jury trial exists, that right shall be deemed waived unless the party files and serves a written

demand for a jury trial not later than twenty (20) days after service of the last permissible pleading or by a separate writing, the following shall be considered the *last permissible pleading*:

(1) The Petition for Major Case Status:

In the event the filing party does not demand a jury trial any other party may do so within twenty (20) days of the filing of said major case petition by filing a praecipe for the same with the prothonotary in duplicate and payment of the jury fee and consolidated trial list fee. The prothonotary will supply a copy of the praecipe to the Deputy Court Administrator in charge of Civil Listings so that the Certificate of Readiness information may be amended to reflect that the case is now a jury trial."

Appellant contends that it should not have been denied a jury trial because it faithfully complied with the Philadelphia Civil Rule as explained by the "clarifying order."

Although lower courts may properly adopt local rules, such rules are invalid to the extent that they conflict with or are inconsistent with the Pennsylvania Rules of Civil Procedure. Act of June 21, 1937, P.L. 1982, §2, *as amended,* 17 P.S. §62 (1962). The local rule involved here purports to interpret Pa.R.C.P. No. 1007.1(a)[1] in a manner which conflicts with Pa.R.C.P. No. 1017.[2] The

---

1. Pennsylvania Rule of Civil Procedure 1007.1(a) provides:

"In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the *last permissible pleading.* The demand shall be made by endorsement on a pleading or by a separate writing." [emphasis added].

2. Pennsylvania Rule of Civil Procedure 1017(a) provides:

"The *pleadings* in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto." [emphasis added].

nature of this contradiction has been correctly recognized and questioned in Goodrich-Amram, Rule 1007.1, Commentary to 1973 Amendments, at 190 (Supp. 1975), wherein it is said that "[t]he Philadelphia court has 'interpreted' this Rule [Rule 1007.1(a)] so that a petition for Major Case Status is to be 'considered' as the last permissible pleading. . . . Since the pleadings are carefully listed and defined in Rule 1017, where is the authority to create new pleadings? . . ." The comment further notes that "[t]his 'interpretation' was withdrawn and rescinded on April 25, 1974." *Id.* Because the local rule conflicts with both Pa.R.C.P. No. 1007.1(a) and 1017, as indicated by the preceding, it may be accorded no validity and it may be given no precedence over the Pennsylvania Rules of Civil Procedure. Appellant therefore waived his right to jury trial under Pa.R.C.P. No. 1007.1(a), which controls here.

However, since appellant relied on the invalid local rule and its "clarification", equity and the spirit and purpose of Pa.R.C.P. No. 126 dictate that it should not be penalized where it intended to comply with the rules but was misled by the interpretation erroneously placed on them by the local courts.[3] Although we may give no effect to the local rule, we can excuse appellant's failure to recognize its invalidity under these circumstances and we do so.

---

3. No definition of the last permissible pleading is provided by Pa.R.C.P. No. 1007.1(a). Although Pa.R.C.P. No. 1017 defines what "pleadings" are allowed, the conflict between Rule 1017's definition of "pleadings" and the Philadelphia local rule's definition of "last permissible pleading" is not readily apparent. It appears that even the "clarifying order" was later made subject to additional clarification, adding further uncertainty to the procedural considerations the local rule sought to address. In the absence of any further interpretation, appellant's reliance on the local rule and its "clarification" was reasonable. *See* Goodrich-Amram Rule 1007.1, Commentary to 1973 Amendments, at 189-90 (Supp. 1975). On the other hand, any such reliance after the "clarification" was withdrawn would not be justified.

In view of our disposition of this case, on the basis that a jury trial should not have been denied appellant, we need not consider the other issue raised on this appeal.

Reversed and remanded for a new trial.

———

CONCURRING OPINION BY VAN DER VOORT, J.:

Appeal is taken from judgment in favor of appellee in the amount of $28,198.88, entered by Judge Lois G. FORER following non-jury trial. On April 11, 1968, appellee had filed a Complaint in Trespass averring that she had sustained injuries based on appellant's negligent operation of one of its buses. Pursuant to local court rules, a certificate of readiness to proceed to non-jury trial was filed on February 24, 1970, and appellee petitioned for major case listing on January 24, 1972. This petition was denied without prejudice on July 25, 1972. Again on January 30, 1974, appellee filed her certificate of readiness and certification of service and at the same time petitioned for major case listing for non-jury trial. On February 4, 1974, appellant demanded jury trial, which demand was denied. A non-jury trial was held.

Appellant now argues that his compliance with the Philadelphia Rules of Civil Procedure was faithful and complete, and that he was entitled to jury trial. I agree.

Pennsylvania Rule of Civil Procedure 1007.1(a) provides:

> "In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing."

At the time the issue of a jury trial arose in the instant case, Philadelphia Civil Rule 909(a) provided as follows:

> "When a certificate of readiness if [sic] filed in an

action involving a claim in excess of $10,000.00, a jury trial may then be demanded upon the payment of the required jury fee and the consolidated trial list fee of $25.00.

If no such demand and payments be made any other party may demand a jury trial within 10 days from the filing of a certificate of readiness, by praecipe and the payment of the jury fee and the consolidated trial list fee."

This Rule 909(a) in Philadelphia caused confusion and the Administrative Judge of the Court of Common Pleas in Philadelphia issued a "clarifying" order as follows:

"In order to do away with any uncertainty that may exist with respect to the application of Pennsylvania Rule of Civil Procedure 1007.1(a) which stated: 'Jury Trial. Demand. Waiver.'

In any civil action or proceeding in which the right to a jury trial exists, that right shall be deemed waived unless the party files and serves a written demand for a jury trial not later than twenty (20) days after service of the last permissible pleading or by a separate writing, the following shall be considered the *last permissible pleading*:

(1) The Petition for Major Case Status:

In the event the filing party does not demand a jury trial any other party may do so within twenty (20) days of the filing of said major case petition by filing a praecipe for the same with the prothonotary in duplicate and payment of the jury fee and consolidated trial list fee. The prothonotary will supply a copy of the praecipe to the Deputy Court Administrator in charge of Civil Listings so that the Certificate of Readiness information may be amended to reflect that the case is now a jury trial."

The defendant in this case followed the Philadelphia rule 909(a) in making its demand for a jury trial. The trouble

is that Pa.R.C.P. 1017 sets forth what pleadings are allowed. That rule is as follows:

"Rule 1017. Pleadings Allowed.

(a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, and an answer thereto. . . ."

From these rules and the clarifying statement of the Administrative Judge, it will be seen that the last permissible pleadings under the Philadelphia local rules were the certificate of readiness, the certification of service of it and a petition for major cast listing. On the other hand, under Pa.R.C.P., no mention is made of any certificate of readiness, certification of service or petition for a major case listing.

That the instant tort case would be the proper subject of a jury trial is without doubt. (Pennsylvania Constitution, Article 1, §6 and schedule to Article 5, §25). Pa.R.C.P. 1007.1(a) says that if a party does not demand a jury trial within 20 days after service of the last permissible pleading the right to a jury trial shall be "deemed waived." A waiver of an important right must be voluntary and intentional. *Garbin v. The Mutual Life Insurance Company of New York,* 348 N.Y. S. 2d 69, 75 Misc. 552 (1973). There was clearly no willingness nor intention on the part of the defendant in this case to waive its right to a jury trial. The appellee in this case asks us to hold that the words "deemed waived" should mean in these circumstances a mandate that a jury trial is precluded. The word deemed is generally considered to mean "construed" or "held". Where a Court of Common Pleas expressly provides that in that court a litigant may have a jury trial if he complies with a specific local rule, and a litigant does so comply with the rule, to ask us to hold that he has nevertheless waived a jury trial because the local rule is at variance with a rule of Pa.R.C.P. troubles

my conscience, and does not comport with my standards of due process. I do not deem that there was a waiver of the right of jury trial in this case.

In the light of this disposition of the instant case, on the basis that a jury trial was improperly denied the defendant, I would not reach the other issue raised on appeal.

I too would reverse and remand for a new trial.

WATKINS, P.J., joins in this concurring opinion.

———

DISSENTING OPINION BY PRICE, J.:

I must dissent. A local rule, where consistent with the law and practice within this Commonwealth, should be given great consideration. On at least one occasion, in writing for the majority of this Court, I have so expressed myself. *Straff v. Nationwide Mutual Fire Insurance Co.*, 230 Pa. Superior Ct. 403, 326 A.2d 586 (1974).

However, it is clear in the instant appeal that the local rule extends the clear statement and purpose of the Pennsylvania Rules of Civil Procedure and specifically violates the mandate of Pa.R.C.P. 1007.1(a). This cannot, to my view, be permitted, and the Administrative Judge's "clarifying" order, alluded to by the majority, rather than clarifying, compounds and pinpoints the disregard of the Pennsylvania Rules of Civil Procedure.

I too have a high regard for the right to trial by jury, but I have no difficulty, in proper circumstances, in upholding a waiver of the right. The right to trial by jury may be lost by a party in many ways that are certainly beyond challenge, all dealing in some way with the failure of that party to comply with the law or Pennsylvania Rules of Civil Procedure. This is such a case.

The Honorable Lois G. FORER of the Court of Common Pleas of Philadelphia County, in her excellent opinion, recognizes that appellant has not complied with Pa.R.C.P. 1007.1(a), but also holds the filing to be late under the

local rule. The majority, therefore, is not only giving a local rule precedence over Pa.R.C.P. 1007.1 (a), but reversing an interpretation of the local rule by a member of the very court that adopted and enforces it.

I would affirm the judgment entered in favor of appellee.