## Bowles v. Cohen

*Lee B. Balefsky*, for plaintiff.
*David Kraut*, for defendant Ferguson.
*David M. McCormick*, for defendant Cohen.

TAKIFF, *J.*, January 12, 1979—Presently before the court is plaintiff Helen Bowles' petition to open judgment of non pros.

This lawsuit, stemming from injuries plaintiff allegedly sustained in an accident on August 29, 1974, was commenced by the filing of a complaint on February 6, 1976. Pretrial discovery commenced with interrogatories propounded to plaintiff by defendant Cohen on February 24, 1976. Defendant Ferguson served interrogatories upon plaintiff on May 17, 1976, one day prior to plaintiff's filing of answers to Cohen's interrogatories. Plaintiff and various record custodians were deposed during the year 1976. Plaintiff filed, unopposed, a certificate of readiness[1] and a major case petition

---

1. The filing of a certificate of readiness indicates that a case is ready in all respects for trial, including, inter alia, that all discovery in the case has been completed. Notice of intention to file a certificate of readiness, together with a copy of the certificate proposed to be filed, must be forwarded to opposing counsel at least 15 days prior to filing. Objecting counsel have 15 days following the filing date within which to notify the deputy court administrator for civil listings of objections. After

on April 18, 1977. Major case status was granted by Cavanaugh, *J.*, on April 27, 1977.

The genesis of the present petition is the praecipe for an interlocutory order pursuant to Philadelphia Court Rule 145 (Star Rule *4005, hereinafter referred to as Rule 145 or the local rule), which defendant Ferguson filed approximately 15 months after the certificate of readiness, namely, August 7, 1978. The same day, the prothonotary entered an interlocutory order directing plaintiff to file answers to Ferguson's interrogatories of May 17, 1976, within 30 days or suffer a judgment of non pros. Upon filing of supplemental praecipe by Ferguson indicating that no answers had been filed during the interlocutory period, the order was made final and a judgment of non pros entered on September 12, 1978. Plaintiff did subsequently submit answers to Ferguson's interrogatories on September 28, 1978 (filed of record October 2, 1978). On November 15, 1978, the instant petition was filed.

We have concluded that the local rule is invalid as inconsistent with Pa.R.C.P. 4019. Therefore, the judgment entered pursuant to Rule 145 is void and must be stricken.[2] Accord: Gonzales v. Procaccio

---

the filing of a certificate of readiness, discovery may not be undertaken without leave of court in those cases which are assigned to arbitration, or appear on a published trial list. In major cases not yet appearing on a trial list, further discovery mandated by changed circumstances may take place so long as trial will not be delayed: Philadelphia Court Rule 150; Civil Trial Manual of the Court of Common Pleas of Philadelphia County 1-7 (1978).

2. Plaintiff's petition does not allege that Rule 145 is void, but in the memorandum attached to the petition the striking of the non pros is requested. See A.B.&F. Contracting Corp. v.

Brothers Trucking Co., 1 P.C.R. 24 (C. P. Phila., 1978).

Philadelphia Court Rule 145[3] provides for the imposition of specified sanctions by the prothonotary upon the failure of a party to make timely response to written interrogatories. This rule, like other local Philadelphia rules, was promulgated to "clarify or otherwise tailor" the Pennsylvania Rules of Civil Procedure (in this instance Pa.R.C.P. 4019) to the Philadelphia situation. See Philadelphia Court Rule 1(A)(1). In our view, moreover, Rule 145 goes beyond its intended mission as applied to the provisions of Pa.R.C.P. 4019 in that a reasonably harmonious interpretation of the two rules is impossible. See Philadelphia Court Rule 1(B); cf. Coffey v. Faix, 426 Pa. 421, 233 A. 2d 229

---

Matthews Coal Co., 194 Pa. Superior Ct. 271, 166 A. 2d 317 (1960). It is well recognized that "the court may of its own motion strike a judgment void on its face." Roxy Auto Co. v. Moore, 180 Pa. Superior Ct. 603, 605, 122 A. 2d 87 (1956); but cf. Baederwood Shopping Center, Inc. v. St. George & Co., Inc. _____ Pa. Superior Ct. _____, 396 A. 2d 642 (1978).

3. Philadelphia Court Rule 145 provides: "Rule 145. Interrogatories—Effect of Failure to File   If the adverse party fails to file of record answers to interrogatories within the time period required by Pa. R.C.P. 4005 or timely objections under Pa. R.C.P. 4005(b) and, in addition, does not so file within any extended period granted to him under Pa. R.C.P. 248, the Prothonotary shall, on praecipe and certification of service and upon fifteen (15) days' notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the date of the order, and providing for sanctions as hereinafter set forth.

"This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit.

(1967). Consequently, the local rule must fall: Gilmer v. Philadelphia Transportation Co., 237 Pa. Superior Ct. 57, 346 A. 2d 346 (1975).

The power of lower courts to promulgate local rules of procedure was conferred, until June 27, 1978, by the Act of June 21, 1937, P.L. 1982, sec. 2, as amended, 17 P.S. §62.[4] This statute authorized the adoption by lower courts of "additional" local rules not inconsistent with or in conflict with Pa.R.C.P.: Gilmer v. Philadelphia Transportation Co., supra. 17 P.S. §62 was repealed by the Judiciary Act Repealer Act (JARA) of April 28, 1978, P.L. 203. In place of the former provision, the 1978 Judicial Code (enacted simultaneously with

---

Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

"The interlocutory order of the Prothonotary setting forth sanctions as provided herein shall be as follows: (A) As to defendant, defendants, or additional defendants, an order entering judgment as to liability in favor of the party filing the interrogatories against the non-answering party who shall be precluded from the entering of a defense and the introduction of evidence at the time of trial relating to the subject matter of the unanswered interrogatories; (B) As to a plaintiff or plaintiffs, an order entering a Judgment of Non Pros in favor of the party filing the interrogatories.

"Whenever a praecipe is required herein, it shall be filed by the party filing the interrogatories." Star Rule *4005, adopted May 16, 1974, amended September 16, 1977.

4. 17 P.S. §62 provided, in pertinent part: "§62. Local rules by lower courts    Each of the courts of common pleas . . . may adopt additional local rules for the conduct of its business, which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania." Act of June 21, 1937, P.L. 1982, sec. 2, as amended, repealed April 28, 1978, P.L. 202, sec. 2(a) [1197], effective June 27, 1978.

JARA) provides that "except as otherwise prescribed by general rules, every court shall have the power to make such rules . . . as the interest of justice or the business of the court may require." 42 Pa.C.S.A. §323.[5]

The new code appears to broaden local rulemaking authority, but does it remove the prior per se stricture against inconsistency? We think not. Without benefit of legislative history or construction by our appellate courts, we are of the opinion

---

5. 42 Pa.C.S.A. §323 provides: "§323. Powers   Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require." July 9, 1976, P.L. 586, sec. 2, effective June 27, 1978. A "court" is defined for the purposes of the Judicial Code as including "any one or more of the judges of the court who are authorized by general rule or rule of court, or by law or usage, to exercise the powers of the court in the name of the court." A "general rule" is a "rule or order promulgated by" the Supreme Court or by "any agency or unit of the unified judicial system" exercising a power delegated to it by the Supreme Court. 42 Pa.C.S.A. §102. July 9, 1976, P.L. 586, sec. 2, effective June 27, 1978, as amended April 28, 1978, P.L. 202, sec. 10(1), effective June 27, 1978. See Pa.R.A.P. 102.

42 Pa.C.S.A. §103(a) provides: "§103.   Principles of construction (a) Necessary powers conferred—The provisions of this title shall be construed so as to vest in the unified judicial system and in the personnel of the system power to do all things that are reasonably necessary for the proper execution and administration of their functions within the scope of their respective jurisdiction." July 9, 1976, P.L. 586, sec. 2, effective June 27, 1978.

that section 323 of the Judicial Code must be construed as impliedly incorporating the prior explicit proscription of local rules which are inconsistent or in conflict with Pa.R.C.P.

All laws are "suspended to the extent that they are inconsistent with" Pa.R.C.P.: Pennsylvania Constitution, Art. 5, §10(c).[6] To permit a local rule of court to stand when found to be inconsistent with a rule of civil procedure would impermissibly and illogically elevate the stature of the local rule over that of a legislative enactment. Local rules are obviously inferior to the statutory law of the Commonwealth; for example, local rules found to be inconsistent with statutorily mandated procedures are invalid: City of Philadelphia v. Percival, 464 Pa. 308, 346 A. 2d 754 (1975).

Further, local rules which conflict with statewide rules cannot be said to be in "the interest of justice." If conflicting rules were to be permitted, procedural chaos would ensue. The proper procedural course to follow in any given instance would be bathed in confusion. Statewide rules could no longer be relied upon by counsel not familiar with the peculiarities of local rules. The careful reasoning and construction embodied in the Pennsylvania rules would be rendered impotent if lower courts

---

6. Pennsylvania Constitution Art. 5, §10(c), provides, in pertinent part: "(c) The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts . . . including the power to provide for . . . the administration of all courts and supervision of all officers of the judicial branch, if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive right of any litigant . . . All laws shall be suspended to the extent that they are inconsistent with rules prescribed under these provisions."

could effectively alter the statewide rules at their whim. In sum, both law and reason deny local rules which are in conflict with the Pennsylvania rules.

We observe inconsistencies and conflicts between Philadelphia Court Rule 145 and Pa.R.C.P. 4019 which render the local rule invalid.

Rule 4019[7] requires a motion, addressed to the court, by which to trigger the imposition of appropriate sanctions against a party who has failed to respond with answers, sufficient answers, or objections to interrogatories. The sanctions provided include, inter alia, the establishment as true of the matters regarding which the questions were asked;

---

7. Pa.R.C.P. 4019 provides, in pertinent part: "Rule 4019. Sanctions. (a) The court may, on motion, make an appropriate order if (1) a party wilfully fails to file answers or sufficient answers to written interrogatories served under Rule 4005;

". . .

"(c) The court, when acting under Subdivision (a) of this rule, may make (1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition; (3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non-pros, or by default against the disobedient party or party advising the disobedience; (4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010." [Editor's Note: As of the date of Judge Takiff's opinion Pa.R.C.P. 4019 read as above. See 8 Pa. Bull 3558 (1978) for amendments effective April 15, 1979.]

the refusal to allow the noncomplying party to introduce certain evidence, or to support or oppose designated claims or defenses; a stay of proceedings; contempt; a judgment of non pros or by default; or any other order "as is just."

In contrast, Rule 145 provides that, when a party has not timely filed answers or objections to interrogatories, the prothonotary shall, upon praecipe, service, etc., enter an interlocutory order requiring an adverse party to file answers within 30 days or suffer specified and exclusively designated sanctions. The sanction against a defaulting plaintiff is a judgment of non pros in favor of the party which filed the interrogatories; the sanction against a defaulting defendant is an order entering judgment as to liability in favor of the filing party and preclusion from entering a defense and introducing evidence at the time of trial as to the subject matter of the interrogatories. The interlocutory order becomes final upon supplemental praecipe if answers are not filed within the 30 day period.

The foregoing summarization of the two rules illuminates the basic conflicts between them. First, the Philadelphia rule impermissibly delegates the court's power to impose sanctions to the prothonotary. Secondly, the local rule eliminates state-rule mandated judicial discretion in the determination of what sanction, if any, is warranted by the circumstances of a specific situation.

## A. IMPERMISSIBLE DELEGATION

The office of the prothonotary is granted broad powers and duties by the 1978 Judicial Code. See 42 Pa.C.S.A. §2737. Of relevance to the present consideration is the conferral upon the prothonotary of

the ability, without apparent limitation, to exercise such powers and duties as may be vested in the office by "order or rule of court." 42 Pa.C.S.A. §2737(6). Hence, in the absence of a conflicting rule of civil procedure, a lower court may now possess statutory authority to delegate powers previously thought to be reserved only for the court. But see Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed. 2d 138, reh. den. 405 U.S. 1049, 92 S.Ct. 1303, 31 L.Ed. 2d 592 (1972); Smith v. Safeguard Mutual Insurance Company, 212 Pa. Superior Ct. 83, 239 A. 2d 824 (1968).

We need not presently attempt to define the limits of this power to delegate, as Rule 4019 does not permit the court to vest in the prothonotary the power to impose sanctions. The statewide rule specifically states the "*court* may, on motion, make an appropriate order . . ." (Emphasis supplied.) To underscore the difference between "the court" and the prothonotary, the Supreme Court has stated that where there is a failure to respond to interrogatories, "Rule 4019(a) would apply and a default order could be entered only by the *court* but never by the prothonotary." (Emphasis in original.) Hanchey v. Elliot Truck Brokerage Company, Inc., 421 Pa. 128, 135, 218 A. 2d 722 (1966). By conferring the power to impose sanctions to the prothonotary, the local rule is in clear conflict with Rule 4019 and is therefore invalid.

## B. ELIMINATION OF JUDICIAL DISCRETION

Rule 4019 clearly envisions a procedure by which the court, when confronted with a failure to answer or object to interrogatories, will exercise its discretion to fashion a sanction appropriate to a specific

situation. The rule provides that the court *may* enter a sanction order—the imposition of any sanction is not mandatorily required. A list of possible sanctions is provided, but the choice of what sanction is *appropriate* is left entirely to the court. The last enumerated sanction further illustrates the discretionary power conferred by the rule—the entry of such order "as is just." A local rule must, at a minimum, permit the exercise of reasoned judicial discretion to be consistent with Rule 4019. Philadelphia Court Rule 145 allows for no judicial discretion and is therefore invalid.

The court must strike a balance, when considering the impositions of sanctions, between the goal of speedy, inexpensive and meaningful pretrial discovery and the desire to give a litigant an opportunity to be heard on the merits of his case. Instead, Rule 145 provides only rigid sanctions of the greatest severity which effectively put a defaulting party out of court. These harsh penalties of judgments of non pros and by default should only be imposed in the most extreme circumstances. See Calderaio v. Ross, 395 Pa. 196, 150 A. 2d 110 (1959). Rule 145 ignores the command of Rule 4019 that judicial discretion be exercised to insure that the most severe penalties are imposed only when warranted by the presence of, inter alia, wilful, unreasonable or deliberate default.

Under the previous formulation of Rule 4019, only a wilful failure to answer interrogatories could result in an order for sanctions. We assume that the drafters of Rule 145 were of the opinion that wilfulness is implied when a party fails to obey an interlocutory order issued under the local rule, thereby satisfying 4019. However, the latest amendment to Rule 4019 has removed the requirement of wilful

conduct. Wilfulness is no longer a prerequisite to sanctions but it remains an important factor in determining the extent of the sanction, if any, to be imposed by the court.[8] An evaluation of whether a failure to make discovery occurred with knowing awareness of the obligation or whether it was indeliberate, involuntary or accidental must be made. The unanswered interrogatories should be examined as to their relevancy, importance, redundancy, and frivolity. Evidence of deliberate and contumacious disregard of the duty to answer interrogatories, or of the utilization of dilatory and obstructive tactics designed to hamper the trial preparation of an opponent, should result in the consideration by the court of extreme sanctions. In comparison, under the local rule the mere lack of a response to an interlocutory order entered by the prothonotary dictates harsh sanctions which are imposed without any judicial scrutiny as to their necessity.

The judgment of non pros entered in the matter sub judice demonstrates how the local rule, because of its lack of any mechanism for judicial review, can lead to a literally absurd result. The party

8. The explanatory note of the Civil Procedural Rules Committee accompanying the 1978 amendments to the rules governing depositions and discovery states, in pertinent part: "Prior Rule 4019(a) required a showing that an offender had acted 'wilfully.' This word has been deleted. The court may impose sanctions even if the failure is not wilful. Wilfulness of course may be a factor in determining the extent of the sanction but it will not be an essential condition precedent to the power to impose a sanction." 179 Legal Intelligencer 114, December 15, 1978, at 19, Col. 1. Compare, Fed. R. Civ. P. 37 and Notes of Advisory Committee on Rules thereto, 28 U.S.C.A., Rule 37 (Supp. 1978).

who filed for the non pros for failure to answer interrogatories had already, by lack of any objections to the certificate of readiness, impliedly certified that all discovery was complete. Answers to interrogatories that were substantially similar in content had been filed by plaintiff. Plaintiff and various record custodians had been deposed. The substantially redundant answers were served only 16 days after the interlocutory order became final. There is no evidence on the record now before us of any wilful, deliberate or intentional desire by plaintiff to impede respondent's preparation for trial.

Had respondent sought sanctions pursuant to Rule 4019, the most severe "penalty" that could reasonably have been initially entered would have been a stay of proceedings. Yet Rule 145 caused the incongruous result of a judgment of non pros to be entered against a plaintiff in a case where discovery was allegedly complete.[9]

In sum, Rule 4019 contemplates a procedural scheme by which just sanctions no more drastic than necessary to protect the rights of the other parties and of the court are to be imposed. Rule 145, while a procedural convenience to a court which is frequently inundated by a torrent of motions and petitions, through its automatic imposition of harsh

9. Having decided that Philadelphia Court Rule 145 falls due to a conflict with Pa.R.C.P. 4019, we do not address ourselves to the substantial constitutional issues that might be raised to invalidate the local rule. See Societe Internationale v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed. 2d 1255 (1958); cf. 10 Goodrich-Amram 2d §4019(a):2, n.64, and §4019(c):5, n.7, citing Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897), and Hammond Packing Co. v. Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909).

sanctions without judicial scrutiny irreconciliably conflicts with Rule 4019. Hence, Rule 145 is invalid, and the judgment entered in accordance with it is void and must be stricken.

Wherefore, we enter the following

## ORDER

And now, January 12, 1979, upon consideration of plaintiff's petition, it is hereby ordered and decreed that said petition is granted, and the judgment of non pros entered against plaintiff is stricken.