401 A.2d 1367

Peter MIKITA and Santa R. Mikita, Appellants,

v.

BAILEY HOMES, INC.

v.

BUILDERS SUPPLY COMPANY, INC.

BAILEY HOMES, INC.

v.

Peter MIKITA, Santa R. Mikita, Appellants, Great American Federal Savings & Loan Association, Successor in interest of First Federal Savings & Loan Association of Homestead.

Peter MIKITA and Santa R. Mikita

v.

BAILEY HOMES, INC.

v.

BUILDERS SUPPLY COMPANY, INC., Appellant.

Superior Court of Pennsylvania.

Argued Oct. 24, 1978.

Decided April 19, 1979.

Howard F. Messer, Pittsburgh, and with him Ronald G. Backer of Messer & Shilobod, Pittsburgh, for Peter and Santa R. Mikita, appellants at 557 and 558; appellees at 662.

Lewis J. Nescott, McKeesport, for Builders Supply Co., Inc., appellant at 662 and appellee at 557.

Harvey E. Schauffler, Jr., Pittsburgh, for Bailey Homes, appellee at 662.

John M. Kish, Pittsburgh, did not file a brief for appellee Great American Federal Sav. & Loan Assn.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

█ There is no division in this court as to the appeal of Peter Mikita, et ux. filed at numbers 557 and 558 April Term, 1978. After taking an appeal from the Arbitrators' Award, Mikitas took no further action. Notice of said appeal was not served upon the opposing party. This was in complete disregard of the requirements of Rule No. 306(a)(1) of the Allegheny County Rules of Civil Procedure. Our reasoning is completely set forth in the dissenting opinion of Price, J. We will affirm the orders of the court below which quashed this appeal.

As to the appeal of Builders Supply Company, Inc. at No. 662 April Term, 1978, the appeal from the Arbitrators' Award was filed October 6, 1977. On October 7, 1977, counsel for Builders notified opposing counsel of said appeal by mail. Said notice stated:

"This is to advise you that I filed an appeal on October 6, 1977, from the award of the Board of Arbitrators in the above case.

"I have requested a non-jury trial and we will be notified as soon as the case is placed on the next non-jury trial list."

Rule No. 306(a)(1) of the Allegheny County Rules of Civil Procedure requires that a copy of the Notice of Appeal be served upon the adverse party or his counsel. The court

below quashed the appeal alleging non-compliance with said rule. We are of the opinion there has been substantial compliance with the provisions of said rule and that the matter should be tried on the merits.

This court as well as our Supreme Court has always followed the precept that substantial compliance with the statutory requirements of the act of 1836 relating to the taking of appeals would be sufficient.

In *Black and Brown, Inc. v. Home for Accepted, Inc.*, 233 Pa.Super. 518, 335 A.2d 722 (1975), the appellant caused an appeal to be taken from an Arbitrators' Award but neglected to pay accrued costs to appellee prior to the expiration of the appeal period. The lower court quashed the appeal and this court sustained, holding (page 724):

"The lower court in the instant case distinguished *Meta* from the facts of this case since there was no attempt by appellant in this case to pay *any* costs during the appeal period. In our review of the instant appeal we find significant the fact that no timely attempt to tender costs was made by appellant, despite express notice of the requirement that this be done.

Our recognition in this regard leads us to conclude that the holding in *Meta* must be overruled insofar as it declares that the statutory requirement of the payment of costs in this type of appeal is directory rather than mandatory. We simply cannot condone a complete refusal and failure to pay the record costs in an appeal from arbitration.

Both the majority and minority views in *Meta, supra,*[1] recognized the harshness of denying a party a right of appeal when he mistakenly paid ten ($10.00) dollars in record costs, rather than the actual record costs of seventeen dollars and seventy-five cents ($17.75). The majority pointed out that in other cases, our Court has followed a principle of the sufficiency of substantial compliance. We now adopt that rationale and hold that the requirement

1. *Meta v. Yellow Cab Company of Philadelphia*, 222 Pa.Super. 469, 294 A.2d 898 (1972).

that record costs be paid during the appeal period is mandatory—but with the caveat that a valid attempt to make such timely and full payment, coupled with substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration. Rather, our courts should examine the appellant's attempts at compliance in order to determine whether an honest effort has been made to meet the requirements of the statute. Our overruling of the holding of *Meta* applies also to its progeny. (See e. g.: *Holmes v. Broodno*, 222 Pa.Super. 478, 294 A.2d 903 (1972)).

Lastly, returning to the facts of the instant appeal, we find no attempt at substantial compliance by appellant, but rather a situation where no semblance of compliance exists."

In *Beth-Allen Sales Co. v. Hartford Insurance Group*, 217 Pa.Super. 42, 268 A.2d 203 (1970), the appellant filed an appeal from the Award of the Arbitrators. Said appeal was perfected in all respects with the exception that appellant posted the sum of $50 with the Prothonotary, who noted on the docket: "Cash bond in the sum of $50.00 deposited with the Prothonotary". The lower court quashed said appeal on the ground that the appellant had failed to file a recognizance with sufficient surety within the 20-day period as required by the Act of 1836. In reversing, this court held (page 206 of 268 A.2d 203):

"We conclude, that the 'bond' or 'recognizance' noted on the docket was defective in that it did not set forth all of the conditions of a proper recognizance. As we noted in *Gable v. Chintala*,[2] however, the established practice is to permit the filing of an amended recognizance non pro tunc and not to dismiss the appeal in such circumstances. *This decision is based on the belief that where a party has made an honest effort to file his appeal in accordance with the statute, and has substantially complied with the requirements, justice will not permit his appeal to be dis-*

2. *Gable v. Chintala*, 212 Pa.Super. 471, 243 A.2d 487 (1968).

*missed with prejudice.* See *Cochran v. Parker*, [6 S & R 549 (1821)]. (Emphasis supplied)

And further, on page 206:

" . . . *Here, plaintiff in good faith took his appeal and filed a 'bond' which, in his opinion, complied with the requirements for perfecting the appeal. Although the recognizance, was defective in various respects, its purpose, in light of the statutory framework was obvious and its obligation understood. To quash the appeal in these circumstances would result in a return to the supremacy of form over substance and the exaltation of technical detail over justice, an approach which courts in all areas have been opposing for many years.*" (Emphasis supplied)

Justice therefore requires a procedure which ensures that an appellee will receive adequate notice of the filing of an appeal. In *Meade v. Equitable Credit & Discount Co.*, 190 Pa.Super. 561, 155 A.2d 386 (1959), and *Morrison v. Union National Bank*, 244 Pa.Super. 634, 371 A.2d 1310 (1977), appellants did not serve either appellees or their counsel with a copy of the notice of appeal. Those opinions have no application to the within fact situation. Here, the attorney for Builders notified the counsel for the adverse party that:

"This is to advise you that I filed an appeal on October 6, 1977, from the award of the Board of Arbitrators in the above case."

I am of the opinion that this constitutes substantial compliance with the statutory requirements of the Act of 1836 relating to the taking of appeals as well as the requirements of Rule 306(a)(1) of the Allegheny County Court of Common Pleas.

As this court stated in *Black and Brown v. Home for Accepted* (supra), "our court has followed a principal of the sufficiency of substantial compliance. We now adopt that rationale . . . substantial though incomplete compliance with the requirement should not result in the harsh finality of an order quashing an appeal from arbitration . . . our courts should examine the appellant's attempts

at compliance . . . to determine whether an honest effort has been made to meet the requirements of the statute."

I have examined the attempt of the appellant Builders Supply Co. to meet the requirements of the Rule and Statute. I conclude they have substantially complied therewith and justice should not permit this appeal to be dismissed with prejudice.

As to the appeal of Builders Supply Company, at No. 662 April Term, 1978, the order of the court below is reversed and remanded for a trial upon the merits.

As to the appeal of Peter Mikita, et ux. at Nos. 557 and 558 April Term, 1978, the orders of the court below are affirmed.

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

We are here asked to decide the validity of Rule 306(A)(1) of the Allegheny County Court of Common Pleas, which requires that an appellant from an arbitration award serve a copy of the notice of appeal upon the adverse party or its counsel within twenty days following the award. I would affirm the orders of the court below. I believe the majority of this panel ignores the clear intent and purpose of the rule and thus frustrates the proper authority of the court below to adopt rules, not inconsistent with the law or supreme court rules, to conduct their own business. Further, as evidenced *infra*, the majority opinion is in direct conflict with prior decisions of this court respecting the interpretation of local rules of practice.

The pertinent facts in the instant case are as follows. On July 12, 1976, appellee Bailey Homes, Inc., (Bailey) filed a complaint in assumpsit at 5469 of 1976 against Peter Mikita, Santa R. Mikita, and Great American Federal Savings and Loan Association. The complaint alleged that the Mikitas had failed to pay the final $1,500.00 installment on a building construction contract. On October 21, 1976, the Mikitas

responded by filing a complaint in assumpsit against Bailey at GD 76–23644, alleging a breach of the same construction contract as a result of the latter's unworkmanlike performance and use of inferior cement. The complaint sought damages in the amount of $8,700.00. The court below consolidated the two actions for trial on November 12, 1976. Subsequently, on December 2, 1976, Bailey joined Builders Supply Company, Inc., (Builders) as an additional defendant in the second action, alleging that Builders had breached its contractual duty to Bailey by utilizing an improper cement type in the construction.

On September 19, 1977, the consolidated cases were heard by an arbitration board. In Bailey's action against the Mikitas at No. 5469, $1,500.00 was awarded to the plaintiff; while in the action initiated by the Mikitas at GD 76–23644, the board entered an award of $400.00 against Bailey and $4,335.45 against Builders. On October 6, 1977, Builders filed an appeal from the arbitration decision in the action at GD 76–23644. On the same date, counsel for the Mikitas filed an appeal from the award in both suits. The Mikitas' counsel alleges that at that time, the prothonotary informed him that no further action would be required on his part because Builders had previously entered an appeal. On October 7, 1977, counsel for Builders notified opposing counsel by mail of the appeal. At no time did either Builders or the Mikitas serve a copy of the notice of appeal on any of the parties.

On Bailey's motion, the court below quashed both appeals by virtue of non-compliance with local Rule 306(A)(1) relating to service of notice of appeal. For the following reasons, I would affirm.

I

Initially, it must be decided whether the Allegheny County Court of Common Pleas has the power to promulgate a rule conditioning the right of appeal from an arbitration award upon service of a copy of the notice of appeal on either the adverse party or its counsel, and whether such a

rule contravenes extant state statutes or the federal and state constitutions.

Pursuant to the Act of June 16, 1836, P.L. 715, *as amended*, 5 P.S. § 30, the various courts of common pleas have the power to establish boards of arbitration for suits in which the amount in dispute is less than $10,000.00. So as to preserve the constitutional right to a trial by jury, *see infra*, the opportunity to take an appeal de novo to the court of common pleas is mandated by the Act of June 16, 1836, P.L. 715, *as amended*, 5 P.S. § 71, which provides:

"Either party may appeal from an award of arbitrators, to the court in which the cause was pending at the time the rule or agreement of reference was entered, under the following rules, regulations and restrictions, viz.:

I. The party appellant, his agent, or attorney, shall make oath or affirmation, that 'it is not for the purpose of delay such appeal is entered, but because he firmly believes injustice has been done.'

II. Such party, his agent or attorney, shall pay all the costs that may have accrued in such suit or action.

III. The party, his agent, or attorney, shall enter into the recognizance hereinafter mentioned.

IV. Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket.

V. In all cases under section 8.1 hereof, any party appealing shall first repay to the county the fees of the members of the board of arbitrators herein provided for, but not exceeding fifty per cent of the amount in controversy. The balance of the arbitrator's fees shall be absorbed and paid by the county. Such fees shall not be taxed as costs or be recoverable in any proceeding. All appeals shall be de novo." (Footnote omitted).

Rule 360(A)(1) of the Rules of Civil Procedure of the Allegheny County Court of Common Pleas, however, imposes a requirement of service foreign to the Act of 1836:

"A. Any party may appeal from the action of the Board of Arbitration to the Court of Common Pleas of

Allegheny County. The right of appeal shall be subject to the following conditions, all of which shall be complied with within twenty (20) days after the award of the Board is filed with the Deputy Prothonotary for Arbitration.

·1. The appellant shall pay an appeal fee of Ten ($10.00) Dollars and shall file with the Prothonotary a notice of appeal, *and serve a copy thereof upon the adverse party or his counsel*; the appellant also shall file an affidavit that the appeal is not taken for delay, but because he believes an injustice has been done; the appellant shall file a recognizance bond with sufficient surety in double the amount of costs likely to accrue conditioned for the payment of all costs that may be legally recovered in such case against the appellant." (Emphasis added).

Appellants now contend that Rule 306(A)(1) is invalid because it contravenes the legislative requirements delineated by the Arbitration Act of 1836. I cannot agree.

In *Morrison v. Union National Bank of Pittsburgh*, 244 Pa.Super. 634, 371 A.2d 1310 (1977), this court rendered a per curiam affirmance of a lower court order quashing an appeal from an arbitration award due to nonconformance with the local rule here in question. In *Morrison*, the board returned a decision on February 24, 1976, in favor of defendant bank. On March 11, Morrison filed an appeal from the award and informally notified the bank of the action on March 16, 1976. Appellant never served either appellee or its attorney with a copy of the notice of appeal as required by Rule 306(A)(1). The court below quashed the appeal for failure to serve the notice within "a reasonable time" after the filing of the appeal, and this court subsequently affirmed.

I view *Morrison* as essentially dispositive of the instant appeal, but take this opportunity to enunciate my rationale in dealing with these situations.

The Act of June 16, 1836, P.L. 784, § 21, 17 P.S. § 2076 provides:

> "Each of the said courts [of Common Pleas] shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary or proper: Provided, That such rules shall not be inconsistent with the Constitution and laws of this commonwealth."

*See also* the Act of June 21, 1937, P.L. 1982, No. 392, § 2 *as amended*, 17 P.S. § 62 ("Each of the courts of common pleas . . . may adopt additional local rules for the conduct of its business, which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania"). Even absent statutory provisions, however, it has long been recognized that courts have the inherent power to promulgate their own rules of practice and procedure so as to promote the orderly and expeditious administration of justice; providing that the rules are neither unreasonable nor contrary to existing laws. *See, e. g., Weber v. Lynch*, 473 Pa. 599, 375 A.2d 1278 (1977); *Smith v. Ellwood City Ice Co.*, 311 Pa. 147, 166 A. 560 (1933); *Carroll v. Quaker City Cabs, Inc.*, 308 Pa. 345, 162 A. 258 (1932); *Gilmer v. Philadelphia Transportation Co.*, 237 Pa.Super. 57, 346 A.2d 346 (1975). Such rules are entitled to great consideration and should control practice before the respective courts; the rules being given weight equal to those established by our supreme court. *Straff v. Nationwide Mutual Fire Insurance Co.*, 230 Pa.Super. 403, 326 A.2d 586 (1974) (Hoffman, J., dissenting). The scope of these powers is constrained only by the function of the courts of common pleas, which is to interpret and apply the law as enacted by the legislature and construed by the appellate courts. Thus, the rules so established must not act to abridge, enlarge, or modify the substantive rights of any litigant, *Commonwealth ex rel. Swann v. Shovlin*, 423 Pa. 26, 223 A.2d 1 (1966), but must be confined to practice and procedure in the disposition of cases.

■ It has previously been noted that there is a fundamental distinction between procedural preconditions neces-

sary to the perfection of an appeal from an arbitrators award, and restrictions stemming from the arbitration proceedings on the subsequent jury trial once the appeal has been perfected. *Weber v. Lynch, supra,* 473 Pa. at 608, 375 A.2d at 1282. The power of the courts of common pleas extends solely to the former, and for this reason appellants' reliance on *Weber* is misplaced. *Weber* concerned the validity of the Allegheny County Court of Common Pleas former Rule 303j, which provided:

"Except by allowance of the Court for good cause shown, no witness, other than an after-discovered witness, may be called by a party at any subsequent trial who was not called as a witness by that party at the arbitration hearing."

Our supreme court held the above rule to directly conflict with the provisions of the Arbitration Act of 1836, *supra,* and its application a violation of appellee's statutory right to a trial de novo. Because this right included the unfettered right to present competent and relevant evidence at trial, Rule 303j constituted an "onerous obstacle" to a true de novo hearing. *Weber v. Lynch, supra,* 473 Pa. at 611, 375 A.2d at 1284.

■ Instantly, we are confronted with a rule of far different import, one which does not affect a party's substantive rights, but which is designed to effectuate the efficient administration of the court. As has been correctly noted by the court responsible for the promulgation of the rule:

"In the absence of a service requirement, court personnel would be flooded with inquiries from counsel about whether an appeal has been taken; it would probably be necessary for the court to develop procedures under which court personnel would provide copies of the notice of appeal to the opposing parties; our judges would be forced to consider many requests for a continuance because the appellee did not learn of the appeal in time to adequately prepare for trial; and many appellees would lose their claims without a day in court." *Corrado, et al.*

*v. Ben Construction Co., et al.,* 126 P.L.J. 339, 341–42 (1978) (Wettick, J.).[1]

Moreover, in reviewing such a rule, we must be equally cognizant of its practical effect on the parties involved. It would be naive not to recognize that arbitration proceedings often involve relatively small claims pursued by parties without benefit of counsel. The burdens upon such unrepresented litigants are already severe. If the responsibility for determining whether an appeal had been filed were shifted to an uncounseled appellee, it would place him in an even more disadvantageous position. Justice therefore requires a procedure which ensures that an appellee will receive adequate notice of the filing of an appeal. In *Meade v. Equitable Credit & Discount Co.,* 190 Pa.Super. 561, 155 A.2d 386 (1959), we affirmed a lower court decision quashing an appeal which did not comply with a Philadelphia rule of court which required service of a notice of appeal on opposing counsel. There is no compelling reason to now alter the implicit rationale of that decision.

Finally, Rule 306(A)(1) does not violate any right to a jury trial guaranteed by the Constitution of Pennsylvania[2] or similar provisions in the federal constitution. Apposite to this issue is the *Smith Case,* 381 Pa. 223, 112 A.2d 625 (1955), wherein our supreme court addressed the right to a jury trial in the context of compulsory arbitration. The court in *Smith* stated that:

"All that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restric-

1. I am aware that in *Werner v. Ed Werner-Donaldson Transfer & Storage Co.,* 66 D. & C.2d 381, 120 P.L.J. 121 (1972), Judge Silvestri of the Court of Common Pleas of Allegheny County held that the rule in question abridges a substantive right and neither facilitates the business of the court nor promotes the orderly administration of justice. This conclusion not only misconstrues the intent of the rule, but fails to correctly envisage the consequences of its application. I specifically disapprove both the rationale and result of *Werner.*

2. Article 1, section 6 of the Pennsylvania Constitution provides: "Trial by jury shall be as heretofore, and the right thereof remain inviolate."

tions or regulations which would make the right practically unavailable. As to what amounts to such a forbidden restriction it has been held that the constitutional provision is not violated by a requirement of the payment of costs before the entry of an appeal in order to obtain a jury trial, *McDonald v. Schell*, 6 Serg. & R. 239; nor by a requirement of giving bail for the payment of costs accrued and to accrue or for the performance of some other duty, *Haines v. Levin*, 51 Pa. 412; *Commonwealth, to Use of Allegheny County v. McCann & Co.*, 174 Pa. 19, 34 A. 299; nor by a requirement of furnishing security for the prosecution of the appeal and satisfaction of the final judgment, *Capital Traction Co. v. Hof*, 174 U.S. 1, 23, 43–45, 19 S.Ct. 580, 43 L.Ed. 873; nor by a requirement of the payment of a jury fee in advance of trial. *Gottschall v. Campbell*, 234 Pa. 347, 361, 83 A. 286, 291." *Smith Case, supra*, 381 Pa. at 230, 112 A.2d at 629–30. (Footnote omitted).

*See also Weber v. Lynch, supra; Dickerson v. Hudson*, 223 Pa.Super. 415, 302 A.2d 444 (1973). Consequently, the court found no valid objection to the requirement of the Arbitration Act of 1836 mandating that costs be paid as a prerequisite to appeal. It was not such an "onerous" condition which rendered the right of appeal practically unavailable. Yet it is clear that the rather perfunctory prerequisite of serving the adverse party or opposing counsel with the notice of appeal within twenty days is far less onerous than the cost requirement approved in *Smith*.[3] Thus the burden imposed by Rule 306(A)(1) is *a fortiori* not such an obstacle to the right to a jury trial to be repugnant to the constitution.

## II

Because I would hold that Rule 306(A)(1) is a valid exercise of the court's power over procedural matters, I must

---

**3.** While I find the instant service requirement neither particularly burdensome nor a serious obstacle to perfecting an appeal, it should be noted that the *raison d'etre* for the perfection requirements in the Arbitration Act of 1836 is to discourage the taking of appeals. *Smith Case, supra*, 381 Pa. at 229, 112 A.2d at 628. Thus, Rule 306(A)(1) is in no way inconsistent with the intent of the Act.

now determine whether quashing an appeal is the appropriate relief for failure to comply with the service requirement of the rule.

The rule itself is silent on the question of sanctions, nor does it provide for time in excess of twenty days to effect service and perfect an appeal. Nevertheless, it is clear that if the service requirement is to be efficacious, it must at some point be enforced through the quashing of the appeal. This same rationale has been adopted by the Allegheny County Court of Common Pleas in *Corrado, et al. v. Ben Construction Co., et al., supra.* In *Corrado,* the court was confronted with several instances of non-compliance with Rule 306(A)(1). In situations similar to the one *sub judice,* the court held that quashing an appeal is a proper sanction for non-compliance with the rule. The interpretation of a local rule of court is a matter for the court which promulgated the rule, and its interpretation will be sustained unless clearly erroneous. *Straff v. Nationwide Mutual Fire Insurance Co., supra; Caples v. Klugman,* 202 Pa.Super. 517, 198 A.2d 342 (1964); *New Castle Metal Products Co. v. Campbell,* 131 Pa.Super. 367, 200 A. 118 (1938). Thus, I view the adopted sanction as neither impermissible nor inappropriate.

My decision is fortified by analogous situations involving appeals to a trial de novo.

The Pennsylvania Rules of Civil Procedure for Justices of the Peace permit appeals to a de novo hearing in the court of common pleas provided that, *inter alia* : (1) notice of the appeal is filed with the prothonotary within twenty days of judgment (Pa.R.C.P.J.P. No. 1002); and (2) the appellant serve by personal service or by certified or registered mail a copy of the notice of appeal upon appellee and file with the prothonotary proof of service of the copies of the notice of appeal within five days after filing (Pa.R.C.P.J.P. No. 1005). Failure to comply allows the appellee to require, by praecipe, the prothonotary to strike the appeal. The comparison to the instant question is significant because the above rules encompass primarily small claims, the appeals provide for a

de novo hearing, and the constitutional rights to a jury trial are similar.

Moreover, both the supreme court and this court have previously held appellants to a high standard of compliance to the rules governing the taking of appeals from an arbitration award. *See, e. g., James F. Oakley, Inc. v. School District of Philadelphia,* 464 Pa. 330, 346 A.2d 765 (1975); *Mackanick v. Rubin,* 244 Pa.Super. 467, 368 A.2d 815 (1976); *Black and Brown, Inc. v. Home for Accepted, Inc.,* 233 Pa.Super. 518, 335 A.2d 722 (1975). In *Black and Brown, Inc.,* an appeal was taken from an arbitration award in which appellant made no effort to pay the accrued costs. In affirming the lower court decision to quash the appeal, we held that the statutory requirement of payment of costs is mandatory rather than directory. There are no compelling reasons which indicate that a different approach is required with respect to the instant rule.

Nevertheless, there are recognized exceptions to this general precept of strict compliance. First, it has previously been noted that substantial compliance with the statutory requirements of the Act of 1836 relating to the taking of appeals would be sufficient. *Black and Brown, Inc. v. Home for Accepted, Inc., supra,* 233 Pa.Super. at 522, 335 A.2d at 724. *See also Beth-Allen Sales Co. v. Hartford Insurance Group,* 217 Pa.Super 42, 268 A.2d 203 (1970) (appeal not quashed despite technical non-compliance with recognizance requirement). In the context of payment of costs, we noted in *Black and Brown, Inc.,* that a valid attempt to make timely and full payment, coupled with substantial though incomplete compliance with the requirement, should not result in the harsh finality of an order to quash. Rather, an examination must be conducted to determine whether an honest effort has been made to meet the statutory requirements.

A second factor excusing strict compliance is a breakdown in the court's operation or the perpetration of a fraud by another party. *James F. Oakley, Inc. v. School District of Philadelphia, supra; Commonwealth v. Horner,* 449 Pa. 322,

296 A.2d 760 (1972); *Purdy Estate*, 447 Pa. 439, 291 A.2d 93 (1972); *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938). Thus, in *James F. Oakley, Inc.*, appellant failed to pay additional accrued costs in reliance on a prothonotary's docket that was confusing and misleading. Our supreme court concluded that it would be unconscionable to require counsel to be a clairvoyant in determining costs.

Instantly, I agree with Judge Wettick, of the Court of Common Pleas of Allegheny County, who cogently analyzed the above exceptions and found them to be applicable to the rule in question. Neither, however, excuses non-compliance by the present parties. First, there was no substantial compliance; the notices of appeal were here not dispatched slightly late or with a minor technical defect. On the contrary, they were not sent at all. This hardly indicates a good faith attempt to comply with Rule 306(A)(1). The rule does not demand an informal letter of notification, as was delivered by Builders, but an actual copy of the notice of appeal. Rules promulgated by courts for the conduct of their business are intended to be followed and not flouted or ignored. *Morrissey Estate*, 440 Pa. 439, 269 A.2d 662 (1970). It is not incumbent upon an appellant to pursue what he deems to be an acceptable substitute to the statutory requirements. Parties perfecting an appeal from an arbitration award have had sufficient notice that Rule 306(A)(1) would be strictly enforced.[4] There is no reason to allow an appellant to adhere to his own system of perfection.

4. Indeed, the following special notice appeared on the front page of the Pittsburgh Legal Journal on January 10, 1977:

"Hartman et ux. vs. Bilotta, Mar-Cap, Inc., and Community Savings Association No. 9331 of 1975 Arbitration Docket

Local Court Rule *306A–1 sets forth the conditions which must be fulfilled by a party who appeals from an arbitration award. Rule *306A–1, as amended by the Board of Judges on December 4, 1975, and promulgated by the Order of the President Judge on December 22, 1975, prescribes, in relevant part, as follows:

"1. The Appellant shall pay an appeal fee of Ten ($10.00) Dollars and shall file with the Prothonotary a Notice of Appeal, and serve a copy thereof upon the adverse party or his counsel; . . . ." (Emphasis supplied)

Secondly, there was no breakdown in the administrative process so as to absolve the failure of the Mikitas to serve a copy of a notice of appeal. Even assuming that the prothonotary informed their counsel that Builders had filed an appeal, this did not constitute an assurance that the appeal would be perfected by complying with the applicable statutory law. The responsibility rested on the Mikitas to protect their interest by adhering to the prescribed procedure.[5]

Finally, I approve the position of the court in *Corrado* that while a party whose appeal is quashed due to non-compliance may petition to reinstate the appeal upon good cause shown, it will be reinstated only under exceptional circumstances.

> This plain language requires an appellant to serve a copy of the notice of appeal upon all adverse parties. Despite the language of the rule, many practitioners notify the adverse parties by mailing to them a notice on the firm or attorney's letterhead. This procedure does not comply with clear [sic] mandate of the cited local rule.
>
> This Court will strictly enforce Local Rule *306."

5. In light of my view that the appeals by both the Mikitas and Builders are infirm due to non-compliance with Rule 306(A)(1), it is unnecessary to resolve appellants' final issue, *viz.* whether an appeal by one party from a decision of a board of arbitration operates to include all parties in the de novo trial before the common pleas court. It should be noted, however, that the majority of this court has held that an appeal by one party to an arbitration decision does not constitute an appeal by any other party in the case. *See, e. g., Ottaviano v. SEPTA,* 239 Pa.Super. 363, 361 A.2d 810 (1976); *Delmarmol v. Fidelity and Deposit Co. of Md.,* 225 Pa.Super. 90, 310 A.2d 363 (1973). *But see Mitchell v. Pittsburgh,* 233 Pa.Super. 119, 335 A.2d 403 (1975) (appeal by one defendant considered an appeal by all when record contained an affidavit of parties stating intended scope of appeal); *Hammerman v. Lee,* 207 Pa.Super. 370, 217 A.2d 853 (1966) (sharing of costs of filing appeal deemed to indicate intent to take appeal for all parties). Although I have expressed disagreement with this narrow construction of the scope of appeal, *see, e. g., Werner v. Springfield Dodge, Inc.,* 253 Pa.Super. 14, 384 A.2d 952 (1978) (Price, J., dissenting), the current state of the law makes it imperative for an appellee to an arbitration award to know precisely who is included in the appeal. An informal letter stating merely that *an* appeal has been taken provides no assurance as to the number of possible appellants. Thus, it is clear that the rule in question considerably facilitates an appellee's preparation for trial.

418

For the foregoing reasons, I would affirm the orders of the court below.